WILLIAM K. HUGHES *v.* THE CONTEMPORARY MISSION, INC., ET AL.

COTTER, C. J., LOISELLE, BOGDANSKI, PETERS and HEALEY, Js.

Argued February 15—decision released March 18, 1980

*William D. O'Reilly,* with whom was *William F. Dow,* for the appellant (named defendant).

*Warner K. Depuy,* with whom, on the brief, was *Richard J. Tobin,* for the appellee (plaintiff).

PER CURIAM. The issues on this appeal concern alleged agreements not to pursue rights to foreclose on a note and mortgage in default. The plaintiff, William K. Hughes, brought an action to foreclose a mortgage against the defendant, The Contemporary Mission, Inc., and other defendants having an interest in the designated premises at 285 Saugatuck Avenue, Westport, Connecticut. The defendant, The Contemporary Mission, Inc. (hereinafter the Mission) appeals from the adverse judgment ordering foreclosure rendered by the trial court, *Callahan, J.,* after a full trial on the merits.

The trial court's findings disclose that the plaintiff Hughes transferred the property in question to the defendant Mission in November, 1972, in return for the Mission's execution of a promissory note and first mortgage deed in favor of Hughes. The Mission came to be in default in its mortgage payments, and formal demand for payment of all sums due and owing was made by Hughes' attorney. When payment was not forthcoming, the present action for foreclosure ensued.

The main thrust of the appeal is that the trial court erred in concluding that there had been neither an agreement to forbear from bringing a foreclosure action nor an agreement to settle the foreclosure action. The question of agreement is a question of fact where, as here, there was conflicting evidence as to the intention of the parties to forbear or to settle. It is axiomatic that it is in the province of the trial court to assess the credibility of witnesses. *Johnson* v. *Flammia,* 169 Conn. 491,

497, 363 A.2d 1048 (1975); *Martin* v. *Kavanewsky,* 157 Conn. 514, 515, 255 A.2d 619 (1969); *Solari* v. *Seperak,* 154 Conn. 179, 183, 224 A.2d 529 (1966); *Shakro* v. *Haddad,* 149 Conn. 160, 162, 177 A.2d 221 (1961). On the evidence before it, the trial court could reasonably have found, as it did, that Hughes did not agree not to bring a suit to foreclose. That finding of fact has not been specifically challenged. The trial court's finding of fact that the parties never agreed to a settlement, despite negotiations undertaken toward that end, is equally supported by credible evidence. As we recently reiterated: "Whether a contractual commitment has been undertaken is ultimately a question of the intention of the parties. 'Intention is an inference of fact, and the conclusion is not reviewable unless it was one that the trier could not reasonably make.' *Hydro-Hercules Corporation* v. *Gary Excavating, Inc.,* 166 Conn. 647, 653, 353 A.2d 714 (1974); *Bianco* v. *Darien,* 157 Conn. 548, 557, 254 A.2d 898 (1969); *Finlay* v. *Swirsky,* 98 Conn. 666, 671, 120 A. 561 (1923)." *Otto Contracting Co.,* v. *S. Schinella & Son, Inc.,* 179 Conn. 704, 709, 427 A.2d 856 (1980). Our review of the briefs and the record reveals no error in the trial court's conclusions concerning lack of agreement to forbear or to settle. In the absence of agreement, it is of no moment whether or not the alleged agreements are unenforceable for lack of consideration.

The defendant's alternate ground of appeal challenges certain evidentiary rulings of the trial court. In the course of explaining why efforts to settle the foreclosure action had come to naught, the plaintiff's attorney testified to his reluctance to recommend any modification of the mortgage that might jeopardize the mortgage's priority status as a first

lien. He expressed his concern that a so-called "balloon" payment of back principal at the end of the mortgage term would create such a risk. The defendant sought to show that Connecticut case law made this concern unjustified. The court excluded this evidence on the ground that what was relevant was the concern itself, not whether the concern was right or wrong. The court also overruled as irrelevant the defendant's claim of law that the existing note and mortgage already contained a "balloon" payment provision which would not have had to be rewritten to accomplish the proper modification. These rulings must be sustained for they do not amount to an abuse of the wide discretion vested in the trial court to determine questions relating to the relevance of evidence. *Katsetos* v. *Nolan,* 170 Conn. 637, 651–52, 368 A.2d 172 (1976); *Robinson* v. *Faulkner,* 163 Conn. 365, 371, 306 A.2d 857 (1972); *Federated Department Stores, Inc.* v. *Board of Tax Review,* 162 Conn. 77, 83, 291 A.2d 715 (1971).

The trial court's judgment of foreclosure must be sustained and the case remanded for the setting of new law dates.

There is no error; the cause must be remanded with direction to modify the judgment by fixing new law days.