## Elliott Scheff *v.* Robertson Paper Box Company, Inc.

| | | |
|---|---|---|
| Superior Court | Judicial District of New London | File No. 73514 |

Memorandum filed October 10, 1983

*Block & Baker,* for the plaintiff.
*Charles M. LaCour, Jr.,* for the defendant.

Hurley, J. The plaintiff brought this action as a licensed employment agency claiming he is due a fee in connection with the employment by the defendant of Paul A. Crocker.

The court finds that the following facts were proved in the case. On January 13, 1982, Crocker filed an application for employment with the Robertson Paper Box Company, Inc. He was interviewed but not given a job at that time. On February 11, 1982, the plaintiff, Elliott Scheff, furnished the defendant company with a letter and a resume of Crocker without giving the name of Crocker. In April, 1982, a job became available, but the personnel department had no authority to fill that job until June of 1982. There was no review by the defendant of applications on file at this time. On June

24, 1982, the plaintiff, sent a letter along with Crocker's resume to the Robertson Paper Box Company. On July 1, the defendant's director of personnel, Thomas Hewitt, called Scheff and said that he would like to meet Crocker. Scheff said that he called Crocker on that date and told him to call Hewitt to arrange for an appointment. In his testimony, Crocker does not recall this conversation, but acknowledged that he did call Hewitt on July 2, 1982, because he saw an ad for the job in the newspaper. Later that same day, July 2, 1982, Hewitt called Scheff and said that since the defendant already had Crocker's application on file it was not employing Crocker through the agency. On July 6, 1982, Crocker was hired by the defendant at a salary of $16,500 per year.

The plaintiff thereafter made claim for his fee, which was denied by the defendant. The defendant took the position that since it already had Crocker's name in its file the plaintiff was not entitled to a fee. The case of *David Bruce Personnel Systems, Inc.* v. *Raphael's Department Store, Inc.,* 32 Conn. Sup. 79, 338 A.2d 504 (1975), holds that a claim for an employment agency's commission is analogous to that of a claim for a real estate broker's commission. The court stated that an employment agency earns its commission and an employment transaction when it procures employment for one who is ready, willing and able to work on terms prescribed or accepted by the prospective employer. The case established the doctrine of procuring cause as it relates to employment situations. In *Commander* v. *Lawler,* 94 Conn. 125, 126, 108 A. 537 (1919), the court declared that the plaintiff would be entitled to a fee or commission upon the concurrence of two conditions: (1) the creation either expressly or impliedly of an agency employment to effect the hiring of an individual; and (2) the execution of the terms of the employment to the extent of procuring a person ready, willing

and able to fill the position. In the *David Bruce Personnel Systems* case, supra, the defendant requested the plaintiff to obtain a merchandising manager. When the plaintiff recommended A, the defendant said it knew A and it would not be necessary to send a resume. The defendant hired A and the court held that, since the defendant learned of A's availability through the plaintiff, although the plaintiff did not participate in subsequent negotiations, the plaintiff was the procuring cause of A's employment and, thus, was entitled to judgment for its commission.

In the present case, the plaintiff claims a similar situation exists and contends that he was the procuring cause of the defendant's hiring of Crocker. The court notes that it was only after the plaintiff had furnished resumes to the defendant and subsequently attempted to arrange for the meeting between the defendant and Crocker that the defendant became aware of the fact that that individual was identical to the one who had previously filed an application with it. The defendant's personnel director testified that although the application had been filed in January, it had lain dormant for approximately six months.

The court finds that there is no question but that were it not for the actions of the plaintiff, the defendant would not have pursued and eventually hired Crocker. Within the definition of procuring cause as established by *David Bruce Personnel Systems, Inc.*, there can be no dispute but that the plaintiff was definitely the procuring cause for Crocker's hiring by the defendant and, thus, is entitled to his placement fee.

In his testimony, the plaintiff testified that his fee was 16½ percent of the annual salary, plus the sales tax of 3½ percent.

Accordingly, judgment may enter for the plaintiff in the amount of 16½ percent of $16,500, or $2722.50, plus a sales tax of 3½ percent which amounts to $95.29, for a total of $2817.79.