A & C Corporation *v.* Giulio Pernaselci et al.
(2431)

Dannehy, C.P.J., Dupont and Borden, Js.

Argued March 1—decision released July 3, 1984

*Angelo P. Costa,* for the appellants (defendants).

*Robert R. Sheldon,* with whom, on the brief, were *T. Paul Tremont* and *Thomas M. Yuditski,* for the appellee (plaintiff).

Per Curiam. The basic issue on appeal[1] is whether the trial court erred in applying the doctrine of unjust enrichment to the facts.

The plaintiff and the defendants entered into a contract, the terms of which were that for a specified sum the plaintiff was to build masonry walls on premises owned by the defendants. The contract price was paid. After the walls were built, high winds blew down a substantial portion of the walls. The plaintiff rebuilt the walls, at the request of the defendants, at a cost to it of $7905.46. The plaintiff submitted a claim to its liability insurance carrier but coverage was denied because of a lack of fault. The defendants then submitted a proof of loss to their insurance carrier and were paid $9348 for the damage to the walls.

---

The trial court found that the defendants were unjustly enriched at the expense of the plaintiff in the amount of $7905.46, and rendered judgment for the plaintiff in that amount.

The defendants argue that the doctrine of unjust enrichment should not have been applied because they and the plaintiff, after the collapse of the wall, had entered into an agreement whereby the plaintiff agreed to rebuild the walls for the additional sum of $2450. Although the plaintiff received a check in that amount from the defendants, the check was not cashed. The trial court found that there was no meeting of the minds and that, therefore, there was no contract. Finding no contract, the court applied the doctrine of unjust enrichment.

Whether the plaintiff and the defendants entered into a contractual commitment to rebuild the walls for the sum of $2450 is a question of the intent of the parties as gleaned from all of the evidence and is a fact to be decided by the trial court. If the finding that there was no contract is supported by subsidiary facts, as it is here, it will not be disturbed on appeal. *Hughes* v. *Contemporary Mission, Inc.,* 180 Conn. 150, 152, 429 A.2d 827 (1980).

Unjust enrichment is a legal doctrine to be applied when no remedy is available pursuant to a contract. 5 Williston, Contracts (Rev. Ed.) § 1479. In order for the plaintiff to recover under the doctrine, it must be shown that the defendants were benefitted, that the benefit was unjust in that it was not paid for by the defendants, and that the failure of payment operated to the detriment of the plaintiff. *Monarch Accounting Supplies, Inc.* v. *Prezioso,* 170 Conn. 659, 665–66, 368 A.2d 6 (1976); *Providence Electric Co.* v. *Sutton Place, Inc.,* 161 Conn. 242, 246, 287 A.2d 379 (1971).

The facts of this case are that the defendants were benefitted by the labor and supplies furnished by the plaintiff to rebuild the walls, that they did not pay for the benefit and that the plaintiff had expended the labor and supplies at a cost to it of $7905.46. Even upon payment to the plaintiff of that amount, the defendants will own the walls for which they originally contracted at no extra cost to them, and will have the additional sum of $1442.54, the difference between the insurance proceeds and $7905.46.

There is no error.

[1] This appeal, originally filed in the Supreme Court, was transferred to this court, Public Acts, Spec. Sess., June, 1983, No. 83-29, § 2 (c).