## Nicastro Associates, Inc. *v.*
## C. F. Wooding Company
### (2139)

Hull, Borden and Spallone, Js.

Argued June 6—decision released September 17, 1985

*Donald C. Lunt,* for the appellant (defendant).

*Robert M. Opotzner,* with whom, on the brief, was *Daniel Shepro,* for the appellee (plaintiff).

Borden, J. This case presents the issue of whether an employment agency is entitled to a fee for submitting to a potential employer the resume of a person who was ultimately hired, but hired on the basis of the person's independent response to the employer's newspa-

per advertisement. The defendant appeals[1] from a judgment for the plaintiff. We find error.

The facts from which this case arose are as follows: The plaintiff is an employment agency which had provided some services for the defendant company in the past. Through the plaintiff's efforts, Steven Cohen was interviewed for a position with the defendant. Cohen was not hired at that time. One year later, after learning of the defendant's desire to hire a staff estimator, the plaintiff sent a letter with Cohen's resume to the defendant's chief estimator. The defendant's chief estimator showed the letter and resume to John and Terry Wooding, the president and vice-president of the defendant. The chief estimator also called the plaintiff after receiving the resume and stated that Cohen was overqualified for the job.

The defendant had placed advertisements in newspapers and trade journals stating that it was seeking to employ a staff estimator. In response to one of these advertisements, Cohen, independently of the plaintiff, submitted a letter and resume to the defendant. The letter and resume were received five days after the defendant had received Cohen's resume from the plaintiff. On that day, the defendant, through John and Terry Wooding, decided to replace its chief estimator. Not recalling that they had seen Cohen's resume earlier, the Woodings reviewed the letter and resume sent by Cohen and arranged an interview with him with an eye toward hiring him as chief estimator. Five days later Cohen was interviewed, and three weeks after that was hired to replace the chief estimator. The plaintiff requested a fee from the defendant for its assistance to the defendant in hiring Cohen. The defendant refused. The plaintiff brought this action to recover its fee.

---

[1] This appeal was originally filed in the Appellate Session of the Superior Court. General Statutes § 51-197a (c).

The trial court found that the plaintiff was entitled to its fee because it had sent Cohen's resume to the defendant. The court based its decision on the theory that the defendant had a duty to recollect that the plaintiff had sent Cohen's resume one week before Cohen had done so. In the court's view, the defendant also had a duty to maintain its files in the usual course of business such that it could determine whether or not the plaintiff had previously sent Cohen's resume. Although the court found that the defendant was acting in good faith, it concluded that the defendant failed to meet these duties. Thus, although the plaintiff was not the actual procuring cause of the employment, the plaintiff was entitled to its fee for submitting the resume which, the court found, the defendant had not rejected.

On appeal, the defendant claims, inter alia, that the court erred in finding that the plaintiff was entitled to a fee without also finding that the plaintiff was the procuring cause of the employment or that the defendant acted in bad faith. We agree. Because of the absence of these critical findings, we need not address the defendant's other claims.

Both parties analogize this situation to a real estate broker's claim for a commission. We find the analogy apt in this case because it brings to the forefront the very heart of this matter: Were the plaintiff's services, for which it demands a fee, the cause of Cohen's employment by the defendant? See *Scheff* v. *Robertson Paper Box Co.*, 39 Conn. Sup. 135, 471 A.2d 991 (1983); *David Bruce Personnel Systems, Inc.* v. *Raphael's Department Store, Inc.*, 32 Conn. Sup. 79, 338 A.2d 504 (1975); cf. *MacEachern* v. *Rockwell International Corporation*, 41 N.C. App. 73, 78–79, 254 S.E.2d 263 (1979) (rejecting analogy to real estate commission but noting that employment agency contracts usually provide that the agency be the procuring cause).

"Ordinarily, to entitle a broker to a commission in a case in which he does not have exclusive agency, his efforts must have been the predominating producing cause of the sale." *Kane* v. *Brunneau,* 141 Conn. 242, 246, 105 A.2d 187 (1954); see also *Marshall* v. *Sturgess & Jockmus, Inc.,* 150 Conn. 59, 62, 185 A.2d 472 (1962); *Richter* v. *Drenckhahn,* 147 Conn. 496, 500, 163 A.2d 109 (1960). In the present context, this means that an employment agency is entitled to its fee only if it was the "predominating producing cause," or the procuring cause, of the actual employment of a particular employee.

In this case, there was no allegation in the plaintiff's complaint that it was the procuring cause of the hiring of Cohen by the defendant. The complaint alleges only that Cohen was hired, but does not allege that the hiring was as a result of the plaintiff's services. There was, however, some evidence presented at trial on the issue, and the court found that the plaintiff was not the procuring cause of Cohen's employment.

"Whether a broker's efforts are the procuring cause of a sale is an issue of fact for the trier, and its conclusion will stand unless it is contrary to, or unsupported by, the subordinate facts, or is in conflict with logic and reason, or is found in violation of some rule of law." *Richter* v. *Drenckhahn,* supra; *Marshall* v. *Sturgess & Jockmus, Inc.,* supra; *Kane* v. *Brunneau,* supra. The court's factual conclusion on this issue must stand. The evidence in this case showed that the plaintiff had arranged an interview for Cohen a year earlier but, after the interview, Cohen was not hired. Then, when the plaintiff learned that the defendant was seeking to hire a staff estimator, it sent the defendant Cohen's resume. The defendant received thirty to forty resumes in response to its advertisements for the position as a staff estimator and reviewed Cohen's resume with those. Cohen appeared overqualified for the position

of staff estimator and he was not considered for that position. When the defendant's principals reviewed the identical resume submitted to it by Cohen, they did not remember reviewing Cohen's resume for the position of staff estimator, but reviewed it anew, contemplating filling the position of chief estimator. The court found that the defendant did not do this in bad faith, with an intent to defraud the plaintiff of its fee, but that the plaintiff's efforts at this point had ceased to be a cause of the ultimate employment of Cohen by the plaintiff. In light of the evidence, the court's conclusion that the plaintiff was not the procuring cause of Cohen's employment was not clearly erroneous.

The court's explicit findings render it unnecessary for us to remand this case for a new trial. As a matter of law, the plaintiff was not entitled to a fee because the court found that it was not the procuring cause of Cohen's employment as chief estimator. The court's finding of a lack of bad faith on the defendant's part, which is not disputed, further indicates that there is no sound reason for requiring it to pay the fee. Moreover, the complaint itself lacks any mention of a causal connection between the plaintiff's services and the ultimate hiring of Cohen. Under these circumstances, a judgment must be rendered for the defendant.

We must consider, however, the plaintiff's alternate ground for affirming the court's decision raised in its preliminary statement of issues pursuant to Practice Book § 3012 (a). The plaintiff argues that the court's general statement in its ruling that "the factual matters, as set forth in the Complaint, have been proven," indicated that the second count of the plaintiff's complaint, based on the theory of unjust enrichment, was proven and was a basis for the judgment for the plaintiff. The court, however, did not address this claim in any other fashion in its ruling. It is clear from the context and the court's subsequent discussion of the appli-

cable law that it found that the *facts* alleged in the complaint, which were set forth in the first count and incorporated into the second count, were proven, but not necessarily the legal theories.

Moreover, a finding of unjust enrichment could not be supported by this record. The court did not find that the plaintiff's actions constituted a benefit to the defendant, a prerequisite to recovery under this theory. *Providence Electric Co.* v. *Sutton Place, Inc.,* 161 Conn. 242, 246, 287 A.2d 379 (1971). It did find, however, that the plaintiff's services were not the procuring cause of Cohen's employment as chief estimator and that the defendant, at the time it considered Cohen's resume for the position of chief estimator, did not recall that the plaintiff had previously submitted Cohen's resume to it. There was undisputed evidence that Cohen had sent his resume independently and in response to the defendant's advertisements. Under these facts, we cannot say that the defendant obtained something of value, to which it was not entitled, to the detriment of the plaintiff. *Monarch Accounting Supplies, Inc.* v. *Prezioso,* 170 Conn. 659, 665, 368 A.2d 6 (1976).

There is error, the judgment is set aside and the case is remanded with direction to render judgment for the defendant.

In this opinion the other judges concurred.