## ROGER P. MENARD ET AL. *v.* LOUIS A. GENTILE ET AL.
### (3593)

HULL, DALY and BIELUCH, Js.

Argued February 11—decision released April 29, 1986

*C. Michael Budlong,* with whom was *Terence S. Ward,* for the appellants (plaintiffs).

*Steven B. Fisher,* for the appellees (defendants).

HULL, J. The plaintiffs, Roger and Claire Menard, appeal from the judgment the trial court rendered against them in their breach of contract suit against the defendants. They claim error in certain of the trial court's factual findings and in one of its legal conclu-

sions. We have determined that the trial court's conclusion was legally and logically correct and its findings not clearly erroneous. *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 221, 435 A.2d 24 (1980). Accordingly, we find no error.

In October of 1978, the defendants, Louis and Lisa Gentile, purchased three parcels of land which contained a two family house, a garage, two tobacco sheds and two barns. Shortly after purchasing the property, the defendants hired Roger Menard to maintain it and to complete certain repairs on one of the barns. At about the same time, the plaintiffs negotiated with the defendants to purchase a section of the land. When the defendants refused to convey the property, the plaintiffs sued them claiming breach of an express oral sales contract and unjust enrichment.[1] The defendants counterclaimed in three counts alleging: (1) that the plaintiffs breached a contract under which they agreed to build a home for the defendants; (2) that the plaintiffs damaged the defendants' property; and (3) that the plaintiffs misrepresented their ability to construct a home for the defendants.

The trial court found the following facts. While the plaintiffs and the defendants discussed the sale of the land, the defendants never agreed to sell. In spite of this, and without the defendants' knowledge or permission, the plaintiffs moved into the house in December of 1978 and remained there, rent free, until the summer of 1980. They made extensive changes to the house.

[1] The defendants assert that the claim of error should not be reviewed because the plaintiffs never amended their complaint to include a count of unjust enrichment. While the defendants are correct that as a general principle a plaintiff's right to recover is limited to the allegations of his complaint; *Matthews* v. *F.M.C. Corporation,* 190 Conn. 700, 705, 462 A.2d 376 (1983); the trial court noted in its memorandum of decision that the case was tried on a theory of unjust enrichment. We review the case on the theory on which it was tried and decided by the trial court. *Fuessenich* v. *DiNardo,* 195 Conn. 144, 151, 487 A.2d 514 (1985).

Some of the alterations increased the value of the house, while others were poorly done or unsafe and decreased the value. The net effect of all the changes was a $9500 increase in value. The extent to which the increase was due to the plaintiffs' efforts could not be determined from the evidence since the increase was attributable to an indeterminable extent to improvements made by a third party and paid for by the defendants. Although the plaintiffs hoped that the defendants would sell the property to them, they had no reasonable expectation that the defendants would pay them for the work, and in fact the defendants were unaware that the work was being done. On the basis of these findings, the court rendered judgment for the defendants on the complaint and for the plaintiffs on the counterclaim.

The plaintiffs now appeal and assign as their first claim of error the trial court's finding that the defendants did not make an oral contract to convey the property. The plaintiffs acknowledge that "it might be argued that the [alleged] contract was not enforceable due to the Statute of Frauds or due to indefiniteness of terms" and, accordingly, they do not claim that the court should have rendered judgment in their favor on this basis. Rather, they argue that the court's incorrect determination that no oral contract was made led it to conclude erroneously that the doctrine of unjust enrichment should not be applied.

"Whether a contractual commitment has been undertaken is ultimately a question of the intention of the parties. 'Intention is an inference of fact, and the conclusion is not reviewable unless it was one that the trier could not reasonably make.' *Hydro-Hercules Corporation* v. *Gary Excavating, Inc.,* 166 Conn. 647, 653, 353 A.2d 714 (1974); *Bianco* v. *Darien,* 157 Conn. 548, 557, 254 A.2d 898 (1969); *Finlay* v. *Swirsky,* 98 Conn. 666, 671, 120 A. 561 (1923)." *Otto Contracting Co.* v.

*S. Schinella & Son, Inc.,* 179 Conn. 704, 709, 427 A.2d 856 (1980). The plaintiffs assert that because the trial court found that they "gave [the] defendants a check for $100 as some sort of deposit for the $30,000 cash payment contemplated in the discussions [about the possible sale of the land]" and also found that the defendants retained the money, it could not reasonably have concluded that an oral contract for the sale of the parcel was not formed.

The language relied on by the plaintiffs could, as they claim, be interpreted as a finding by the trial court that the $100 constituted partial payment for the land, and such a finding could support an inference that there was an oral sales contract between the parties. The trial court's finding is not, however, so inclusive as to mandate that inference. The court did not, for example, find that the defendants accepted the $100 as a deposit, but found only that the plaintiffs gave it as a deposit. Merely because the plaintiffs thought that an agreement had been reached, and that the $100 would serve as partial consideration for that agreement, does not mean that the defendants had the same understanding when they accepted the money. Additionally, the court's statement could be read to mean something entirely different from the interpretation urged by the plaintiffs. For example, by characterizing the $100 as "some sort of deposit," the court may have been trying to indicate that the parties created an option, not a final contract.

Given the ambiguous character of the trial court's language we can only speculate as to its meaning.[2] We will not, on the basis of such speculation, say that the

---

[2] While the plaintiffs did move for and receive an articulation on certain aspects of the trial court's decision, they did not ask the court to clarify this portion of its decision. Accordingly, the plaintiffs did not meet their burden of providing a record adequate to show that the trial court erred. *In re Juvenile Appeal (85-1),* 3 Conn. App. 158, 161, 485 A.2d 1355 (1985).

court's clear finding that no contract was formed is one it could not reasonably have made. *Hughes* v. *Contemporary Mission, Inc.,* 180 Conn. 150, 152, 429 A.2d 827 (1980). We are especially unwilling to do so since that finding is amply supported by the court's findings that the plaintiffs moved into the house and began working on it *before* giving the defendants the $100, that the plaintiffs never paid the real estate property taxes nor the fire insurance premiums, and that while at least two drafts of a contract for the sale of the parcel were written, none was executed. In these circumstances, we see no basis for disturbing the court's finding that no contract was made.

We now turn to the plaintiffs' claim that the trial court erred in finding that they were not entitled to recover under a theory of unjust enrichment. "Unjust enrichment is a legal doctrine to be applied when no remedy is available pursuant to a contract. 5 Williston, Contracts (Rev. Ed.) § 1479. In order for the plaintiff[s] to recover under the doctrine, it must be shown that the defendants were benefited, that the benefit was unjust in that it was not paid for by the defendants, and that the failure of payment operated to the detriment of the plaintiff[s]." *A & C Corporation* v. *Pernaselci,* 2 Conn. App. 264, 265, 477 A.2d 166 (1984).

Here, there was no finding that the defendants were benefited by the *plaintiffs'* actions. The trial court found that the improvements to the property made by the plaintiffs increased the value of the property $9500 *minus* that portion of the increase which was caused by the paving of a concrete patio, an improvement that was neither made by nor paid for by the plaintiffs. The court expressly stated that it could not be determined from the evidence the extent to which the increase was caused by the plaintiffs' activities and the extent to which it was caused by the paving. Although it appears unlikely that the entire $9500 increase resulted from the paving, we have no basis on the record for reach-

ing a conclusion that it was not.[3] Accordingly, the plaintiffs did not meet their burden of showing that their actions benefited the defendants. See *Nicastro Associates, Inc.* v. *C. F. Wooding Co.,* 5 Conn. App. 244, 249, 497 A.2d 1020 (1985).[4] While the trial court did not reach its decision on this ground, we may, of course, sustain its judgment on different bases than those it employed. *Groton* v. *Commission on Human Rights & Opportunities,* 169 Conn. 89, 101, 362 A.2d 1359 (1975).[5]

There is no error.

In this opinion the other judges concurred.

---

[3] The trial court did state in its memorandum of decision that it "would find for the plaintiffs in the sum of $9,500.00 if this case met the guidelines for an unjust enrichment award." The court, however, also clearly stated that because it found "a substantial amount of Roger Menard's testimony not credible [it could not] arrive at a dollar value for the work he and the others did on the property."

[4] Even if the plaintiffs had met their burden of showing that their actions benefited the defendants, we would not have found in their favor. "[A] claim [of unjust enrichment] must be adjudicated '[w]ith no other test than what, under a given set of circumstances, is just or unjust, equitable or inequitable, conscionable or unconscionable.' *Cecio Bros., Inc.* v. *Greenwich,* 156 Conn. 561, 564-65, 244 A.2d 404 (1968)." *Montanaro Bros. Builders, Inc.* v. *Snow,* 190 Conn. 481, 489, 460 A.2d 1297 (1983). The trial court determined that the plaintiffs moved into the defendants' house without permission, lived there rent free for approximately two years, and made alterations to the house without the defendants' knowledge or permission. Given these findings, coupled with the court's findings that the plaintiffs' sole intent was to benefit themselves if they were able to persuade the defendants to sell, we cannot say that "justice requires compensation to be made." *Brighenti* v. *New Britain Shirt Corporation,* 167 Conn. 403, 407, 356 A.2d 181 (1974).

[5] The plaintiffs claim, in a footnote in their brief, that the defendants made certain allegations in their special defenses and counterclaims which, in essence, amount to an admission that they gave the plaintiffs permission to make improvements on the property. The plaintiffs did not, however, argue this claim but merely made a bald assertion that "[t]he trial court should have held the Defendants' allegations binding on them." "Assignments of error which are merely mentioned but not briefed beyond a statement of the claim will be deemed abandoned and will not be reviewed by this court." *Rodriguez* v. *Mallory Battery Co.,* 188 Conn. 145, 149, 448 A.2d 829 (1982).