[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff filed an application for a prejudgment remedy in the amount of $6,360.71 in order to attach real property of the defendants in Oxford. The underlying cause of action is contained in a one count complaint alleging unjust enrichment. The affidavit filed to support the prejudgment remedy states that between June 21, 1989 and October 6, 1989 the plaintiff furnished materials and supplies to the defendants' property for construction of an addition to their house on Oxford, that the value of the materials and supplies is $6,360.71 and the defendants have not paid that amount.
At the hearing on the prejudgment remedy [PJR] on July 1, 1991, the president of the plaintiff, Michael Quoka, testified that the building materials were sold over a period of time to a subcontractor on the construction job on the defendants' property, Doug Herriott. The materials were billed to Herriott who never paid for them, and the fair and reasonable value of the materials furnished was $6,360.71. The plaintiff had no dealings with the general contractor, Peter Zander, or the defendants. The materials had been dropped off at the job site on several dates, but Quoka was uncertain to what extent the materials were used for construction at the site. Herriott never paid the plaintiff for CT Page 5978 the materials and no action to collect the unpaid charges for value of the materials has been brought against either Herriott or Zander. Demand for payment was made upon the defendants, but they have refused to pay for the materials for several reasons.
The contract price for the addition to the house in the agreement between Zander and the defendants was $52,000.00. Zander was paid $36,000.00 for the services furnished but he did not finish the job. There is no evidence from the affidavit, testimony at the hearing, or documents produced establishing the following material facts: [1] The nature of the work performed by Herriott as subcontractor on the job; [2] Payments made by Zander as general contractor to Herriott as subcontractor; [3] Whether the $36,000.00 paid on the contract was payment for the reasonable value of all labor and materials furnished by Zander and the subcontractors; [4] To what extent the materials were used at the site by Herriott; and [5] The extent to which, if any, the defendants derived any benefit from the materials and supplies which the plaintiff delivered to Herriott.
In order to obtain a PJR under section 52-278d of the General Statutes a plaintiff has to show probable cause to sustain the validity of the claim, namely a bona fide belief in the existence of facts essential for the action which would warrant a reasonable person of ordinary caution, prudence and judgment under the circumstances in entertaining it. Three S Development Co. v. Santore, 193 Conn. 174, 175. While a hearing in probable cause is not required to be a full-scale trial on the merits of the plaintiff's claim, Id., 175; New England Land Co. Ltd. v. DeMarkey,213 Conn. 612, 620, and proof of probable cause is not as demanding as proof by a preponderance of the evidence, Ledgebrook Condominium, Inc. v. Lusk Corporation, 172 Conn. 577, 583, there must be some evidence in support of the essential elements of the cause of action asserted in the complaint. The court has discretion in weighing probabilities from the evidence presented. Williams v. Bartlett, 189 Conn. 471, 483. The limited weighing process applies not only to the factual issues, but also the legal ones. Babiarz v. Hartford Special, Inc., 2 Conn. App. 388, 393. The court considers the plaintiff's affidavit, the evidence and documentary proof submitted by both sides at the hearing. William M. Raveis Associates, Inc. v. Kimball, 186 Conn. 329, 333. The court can assess the legal issues and weigh the credibility of witnesses. Darien Realty Advisors, Inc. v. Reeves, 10 Conn. App. 145,146. The defendants can raise a clear legal defense which shows that there is no probable cause that judgment will be rendered at a trial on the merits in favor of the plaintiff. New England Land Co. v. DeMarkey, supra, 623.
At the hearing the plaintiff relied upon the fact that this court found probable cause for a mechanic's lien in other CT Page 5979 litigation between the parties. Hubert E. Baxter, et al. v. Michael Quoka, et al, Superior Court at Milford, CV90-0031911, July 2, 1990. In that case as in this one Oxford Paint Hardware produced sufficient evidence to meet the probable cause standard that the reasonable value of materials furnished to Herriott was $6,360.71. In that case the court concluded that Oxford had a claim under the mechanic's lien statute because Zander as general contractor was authorized by and acted for the property owners in obtaining labor and materials for the improvements covered by the construction contract. Zander hired Herriott as a subcontractor, and he in turn requested building materials from Oxford. Where the procedural requirements of the mechanic's lien statutes are complied with, a subcontractor can obtain a mechanic's lien based upon section 49-33(a) if there is either [1] an agreement with or the consent of the owner of land, or [2] the consent of some person having authority from or rightfully acting for the owner in procuring labor or materials. Hall v. Peacock Fixture and Electric Co.,193 Conn. 290, 293.
The plaintiff proceeded in this case on the assumption that if it was entitled to a mechanic's lien against the defendants in the prior action that it is entitled to a PJR in this case. That argument was rejected at the end of the hearing and fails to take into account the different requirements of each cause of action. The parties were given the opportunity for further oral argument and the court has reconsidered its ruling, but has not changed its conclusion that the plaintiff has not shown probable cause for a PJR.
There is clearly no express or implied contract between the plaintiff and the defendants. The defendants also had no contract with Herriott. Their only contract was with Zander who partially performed the construction contract, received partial payment and left the job. Unjust enrichment is a legal doctrine which can apply in some cases where no remedy is available pursuant to an express or implied contract; in order for a plaintiff to recover for unjust enrichment it must be shown that the defendants were benefited, that the benefit was unjust in that it was not paid for by the defendants and that the failure of payment operated to the detriment of the plaintiff. Burns v. Koellmer, 11 Conn. App. 375,383; Menard v. Gentile, 7 Conn. App. 211, 215; A C Corporation v. Pernaselci, 2 Conn. App. 264, 265. The concept of unjust enrichment is based upon the principle that one should not be permitted to unjustly enrich himself at the expense of another, but should be required to make restitution of or for property received, retained or appropriated; the question is whether the defendant, to the detriment of the plaintiff, obtained something of value to which he was not entitled. Burns v. Koellmer, supra, 384; Franks v. Lockwood, 146 Conn. 273, 278. In order to recover for unjust enrichment the plaintiff must show that the defendants were CT Page 5980 benefited; that is that they received something of value. This requires an assumption here that all of the materials furnished to Herriott were used in construction of the addition to the house, and that the defendants were benefited by the materials to at least some extent. The plaintiff must also show that the benefit was unjust, namely that it was not paid for by the defendant to the detriment of the plaintiff. Menard v. Gentile, supra, 212. The evidence shows that the defendants paid the general contractor $36,000.00 of the $52,000.00 contract price on a job that was only partially completed, and the defendants incurred additional expenses to complete the addition. There is nothing in the record to indicate any fraud. Where materials are installed in real property, payment is made to the general contractor and there is no evidence of fraud, even though the property owner is benefited by the improvements or materials, the supplier cannot recover for unjust enrichment because the benefit to the property owner is not unjust. Providence Electric Co. v. Sutton Place, Inc., 161 Conn. 242, 246, 247. Garwood Sons Construction Co. v. Centos Associates Limited Partnership, 8 Conn. App. 185,188. The plaintiff has not produced evidence, sufficient to meet the probable cause standard that payments made by the defendants to Zander were inadequate to cover the value of the materials furnished by subcontractors and supplies or that the defendants were unjustly benefited by materials furnished by the plaintiff.
The plaintiff also failed to show any efforts to recover from the party that is primarily liable, namely Herriott, to whom the materials were furnished or from his general contractor, Zander, who was paid for work done on the job. Unjust enrichment is an equitable doctrine, and it is not equitable for the plaintiff to recover from the defendants where there is no proof that it made reasonable efforts to recover from the persons primarily responsible for payment. If the defendants were required to pay the plaintiff they would in effect be paying twice for the same materials in a situation where they never had any dealings or agreement with the plaintiff.
Even though the plaintiff proved probable cause for a lien under the mechanic's lien statute, the same evidence does not establish probable cause for a PJR on a claim of unjust enrichment, since the legal requirements are different. It is questionable whether the plaintiff can produce additional evidence to overcome the clear factual problems with an unjust enrichment claim. In any event, the evidence offered at this time is insufficient to meet the probable cause standard, and the defendants have valid defense to the unjust enrichment claim.
After reconsideration, the application for a PJR is still denied. CT Page 5981
ROBERT A. FULLER JUDGE