[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#105)
FIRST AND SECOND COUNTS:
The plaintiff alleges that she is a named judgment debtor on claims of two banks that deficiencies exist following foreclosures of two mortgages. The mortgages encumbered properties owned by Joseph Taddia and the defendant's decedent. The plaintiff alleges that she was a party to one of the underlying mortgage notes and was a named defendant in both foreclosure actions.
The plaintiff charges the defendant with engaging in fraudulent conveyances and transfers to the detriment of the plaintiff. In determining whether a legally sufficient relationship and exposure to liability exist to support the plaintiff's action, the court must construe the allegations of the complaint in the light most favorable to the pleader. Norwich v. Silverberg, 200 Conn. 367, 370 (1986).
Because the Uniform Fraudulent Transfer Act (UFTA)[1],P.A. 91-297, did not become effective until sometime after the acts complained of, its terms are not controlling. On the other hand, the similarities between the Act and the law of this state as it existed are strong "since the uniform act. . . is largely an adoption and clarification of the standards of the common law. " Molitor v. Molitor, 184 Conn. 530, 535 (1981). "[T]he Uniform Fraudulent Conveyances Act and cases decided thereunder are persuasive in determining the reach of 52-552 [the fraudulent conveyance statute]" D.H.R. Construction Co. v. Donnelly,180 Conn. 430, 433 n. 1 (1980).
The UFTA defines a creditor as "a person who has a claim." A claim is defined as "a right to payment, whether or not the right is . . . fixed contingent, matured [or] unmatured. . . ."P.A. 91-297, Sec. 2(3) and (4). Under the Act "[a] contingent claim is as fully protected as one that is absolute." Zahra Spiritual Trust v. U.S., 910 F.2d 240, 248 (5th Cir. 1990), quoting Burnett v. Chase Oil Gas, Inc., 700 S.W.2d 737, 743 (Tex.App. 1985).
The facts and circumstances alleged establish a legal relationship between the parties and exposure to liability sufficient to support the plaintiff's cause of action.
THIRD AND FOURTH COUNTS:
An administrator or executor "a fiduciary for all persons interested in the estate. . ." O'Connor v. Chiascione, 130 Conn. 304,307 (1943). The duty extends to both beneficiaries and creditors. Kleinman v. Marshall, 192 Conn. 479, 483 (1984). Construing the allegations of the complaint in the light most favorable to the pleader; Norwich v. Silverberg, supra, the CT Page 6163 allegations support a claim for breach of the defendant's statutory duty.
FIFTH COUNT:
The plaintiff's allegations do not permit a finding that it was the plaintiff's actions which conferred a benefit upon the defendant. This is a prerequisite to recovery on a theory of unjust enrichment. Nicastro Associates, Inc. v. C.F. Wooding Co.,5 Conn. App. 244, 249 (1985); see also, Menard v. Gentile, 7 Conn. App. 211,216 (1986).
PUNITIVE DAMAGES:
"In order to award punitive or exemplary damages, evidence must reveal a reckless indifference to the rights of others or an intentional and wanton violation of those rights." Gargano v. Heyman, 203 Conn. 616, 622 (1987). This court is unable to conclude that the alleged conduct of the defendant, more particularly as described in paragraphs 27-31 of the Third Count, would not satisfy the above requirement and serve as a basis for such award.
As to the first, second, third and fourth counts and prayer for relief, the motion to strike is denied.
As to the fifth count, the motion to strike is granted.
/s/ Gaffney, J. GAFFNEY