[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this foreclosure action the plaintiff has filed a Motion to Strike (#116) dated April 2, 1993, attacking the defendant's special defenses. Although this motion was originally directed at the special defenses dated February 19, 1993, the defendant has amended their special defenses by pleading dated April 26, 1993 which pleading the parties and the court will consider is now the subject of this motion to strike, in spite of the fact this CT Page 6497-E motion predates the special defenses.
The special defenses the defendant filed originally (dated February 19, 1993), four in number, alleged 1) breach of a duty, good faith in fair dealing; 2) failure to make future advances in good faith; 3) failure to respond to a "work-out" proposal, and 4) unfair trade practices constituting a "CUTPA" violation. Thereafter the defendant filed the revised special defenses (dated April 26, 1993) by adding language to each of the previously mentioned special defenses stating that the "plaintiff is estopped from foreclosing the mortgage" for the same reasons alleged in the previous special defenses. The question before this court is whether the new special defenses can sustain this attack with the additional estoppel allegations added to each of the previously pleaded special defenses.
With the exception of the second special defense, the court does not find that the "estoppel" language is sufficient to save the remaining defenses from the thrust of this instant motion. The court agrees with those line of Superior Court cases which have held that the previous allegations in special defenses 1, 3, and 4 CT Page 6497-F as alleged in the February 19, 1993 pleading and the underlying allegations in the same defenses in the April 26, 1993 pleading are inapplicable to a foreclosure proceeding. Bristol Savings Bank v. Chaplin W. Miller et al, 7 Conn. L. Rptr. No. 18, 517 (Nov. 30, 1993) (Aurigemma, J.). Although it is true that equitable estoppel is an available defense to a mortgage foreclosure, two essential elements must be alleged. "The party must do or say something that is intended or calculated to induce another to believe in the existence of certain facts and to act upon that belief; and the other party, influenced thereby, must actually change his position or do some act to his injury which he otherwise would not have done." Tradesman National Bank of New Haven v. Minor, 122 Conn. 419, 424 (1937). In special defenses 1, 3 and 4, the defendant has not alleged these essential elements of "estoppel" and in addition, the court finds that allegations contained in each of these counts are inapplicable and improper to a foreclosure action.
As to the second special defense, the allegations construed in a manner most favorable to the defendant do assert the necessary elements of estoppel — that the plaintiff induced the defendant to act and — that the defendants did rely on the plaintiff's representations CT Page 6497-G to its detriment. Mobilia v. Sontos, 4 Conn. App. 128-130 (1985). The court will sustain the plaintiff's motion to strike as to special defenses one, three and four, and will overrule the plaintiff's motion to strike as to the second special defense.
Pellegrino, J.