[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff, a general partnership in the practice of law, has brought this action against the defendant to recover legal fees for service rendered.
The following facts are found:
1. Prior to June 1, 1989, the plaintiff partnership was known as Greene and Bloom. Marvin S. Bloom, an attorney was a partner. He was also a first cousin to the defendant.
2. On or about June 1, 1989, the partnership of Greene and Bloom was dissolved and the plaintiff partnership was eventually formed.
3. In October, 1987, the defendant was served with a complaint in Docket Number CV-87-0337371-S H.O. Penn MachineryCompany, Inc. v. R.B. Fruit and Produce Company, Inc., RubinBudkofsky and Theodore Budkofsky (Rubin's son), returnable to this court on November 3, 1987.
4. Either the defendant or his son Theodore, consulted Attorney Marvin S. Bloom who entered appearance for all defendants on behalf of the partnership Greene and Bloom.
5. After the Greene and Bloom partnership was dissolved, Bloom took some of the partnership files to his new location but left the subject file with the successor partnership, the present plaintiff. CT Page 8848
6. The plaintiff represented the defendant over several years, filing pleadings, appearing at pretrials and negotiating for a settlement.
7. Eventually, plaintiff succeeded in having the case withdrawn without the assessment of costs.
The plaintiff claims that the partnership provided a total of 21 hours of legal representation at rates of between $100.00 — $150.00 per hour for a total of $2,256.25.
The defendant contends that he never contracted with the plaintiff partnership for legal services and that the only person consulted was Attorney Marvin S. Bloom, his cousin, and that he owes nothing to the plaintiff.
The subject complaint was brought in three counts:
1. Breach of contract
2. Unjust enrichment
3. Violation of the Connecticut Unfair Trade Practices Act (CUTPA).
The court finds that the plaintiff has failed to prove by a preponderance of the evidence that there was a contract for legal representation between the plaintiff and this defendant. Therefore judgment may enter for the defendant on the first count.
The court also finds the Connecticut Unfair Trade Practices Act, Connecticut General Statutes Section 42-110 Et. Seq., does not apply to the facts as presented in this case. Therefore, judgment may enter for the defendant on the third count.
The second count sounds in unjust enrichment. The decision on this count was made difficult because the defendant was pro se, the file of Docket Number CV-87-0337371SH.O. Penn Machinery Company, Inc. v. R.B. Fruit and ProduceCompany, Inc. Et. Al. was not available, and the plaintiff's billing records were incomplete. CT Page 8849
However plaintiff's exhibits 2 and 4 are certified letters sent to the defendant with return receipts indicating that the defendant had received them. These letters explained about the negotiations that the plaintiff was having with the attorneys for the H.O. Penn Machinery Company in trying to effect a settlement of the above-mentioned case.
The plaintiff's exhibits 6, 7 and 9 involved specific billings for specific activities of the plaintiff's partnership and totalled $1,479.82.
As stated above, the plaintiff was successful in having the case withdrawn without costs.
The court finds that the defendant was unjustly enriched. "Unjust enrichment is a legal doctrine to be applied when no remedy is available pursuant to a contract. 5 Williston Contracts (Rev. Ed.) Sec. 1479. In order for the plaintiff to recover under the doctrine, it must be shown that the defendant was benefited, that the benefit was unjust in that it was not paid for by the defendant, and that the failure of payment operated to the detriment of the plaintiff." ACCorporation v. Pernaselci, 2 Conn. App. 264, 265, 477 A.2d 166
(1984). All the elements of unjust enrichment are present in this case.
Judgment may enter for the plaintiff in the sum of $1,479.82 plus costs on the third count.
Harold Missal State Judge Referee