[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON REQUEST FOR PRE-JUDGMENT REMEDY
In this case the plaintiff entered into a contract with the defendant to purchase certain real estate. The plaintiff was not able to secure financing so at some later point he entered into a lease with an option to purchase. Upon moving into the premises, the plaintiff made extensive renovations.
Foreclosure proceedings have begun on the property and at that point the plaintiff instituted this action for breach of contract, fraudulent misrepresentation and unjust enrichment.
This is an unfortunate case in that it is clear that the plaintiff is a hard working individual who spent much time and effort and resources in adding improvements to and renovating a house which he expected to purchase and live in. The court does find at the very least that some $25,000 in expenses were incurred to purchase material for the renovations. The value placed on the labor of $23,000 presents problems. A person is competent to give his or her opinion as to the reasonable value of his or her own services after they have been described with reasonable particularity. Pleines v. FranklinCT Page 5453Construction Co., 30 Conn. App. 612, 618 (1993).
The plaintiff did not testify with reasonable particularity as to the labor he performed and in fact said it was performed by others. The plaintiff was not noticed as an expert and was not properly qualified as such. In any event, he did not testify in sufficient detail to establish the value of the labor performed for each of the renovation projects in this house.
Aside from problems it has with the claims for damages, the court has difficulty in finding probable cause on the basis of the legal theories advanced. it [It] is apparent that the plaintiff made all the repairs and renovations on the expectation and hope that he would eventually purchase the house. He certainly did not intend to confer a gift on the defendant for all his labor and material improvements to the property. But nowhere in the Purchase and Sale Real Estate Contract or the subsequent lease did the plaintiff and defendant agree that any renovations to the property were to be done at the defendant's expense and even request. I cannot amend or add to the contract entered into between these parties, Holly Hill Holding v. Lowman, 226 Conn. 748, Warnerv. Pandolfo, 143 Conn. 728 (1956).
The defendant was aware of the renovations being done but it is not clear as to what extent. In any event he did not request the renovations be done and that such work was done was not a condition or prerequisites of the contract or lease. The only reference to renovations on the property was perhaps one by way of indirection — if the property was sold for more than $115,000 the plaintiff was to receive the excess. The lease contained a paragraph that explicitly stated that the landlord need not make any compensation to the tenant (plaintiff) for improvements to the premises. Admittedly the lease was entered into after the great bulk (although apparently not all) the renovations were made but this is a rather odd provision for the plaintiff to have agreed to in a situation where he now claims that he is entitled to be reimbursed for all the improvements he made to the property.
Certainly this is an unfortunate situation but it turned out to be so not because of any overbearing or fraudulent behavior on anyone's part. The agreements between the parties and the plaintiff's activity in renovating the premises were CT Page 5454 in themselves reasonable. The problem has arisen because the plaintiff again through no fault of his own could not exercise his option to purchase the property. That circumstance results in a situation which the plaintiff sees as unfair — he put in the work and material on the premises. But that after the fact circumstance does not empower me to change the terms of the contract and lease. The defendant is an attorney but the plaintiff was represented by an attorney at the time of the lease and the facts and circumstances presented at the hearing do not present the type of situation that would lead me to conclude even on the basis of probable cause that the bargaining power of the parties was so unequal that equity would demand relief here or terms should be read into the parties' understandings that were not explicitly agreed upon.
Again the crux of the problem is that the plaintiff was unable to secure the necessary financing to exercise his option to purchase. Even if the defendant refused to participate in the financing of the house by giving the plaintiff a $50,000 mortgage as the lease agreement provides for, there is no probable cause for me to conclude that this is what made it impossible for the plaintiff to secure a mortgage or that this was the cause of the plaintiff's being unable to exercise his option to purchase.
The plaintiff also advanced a theory of unjust enrichment. The basis for such an action is "that in a given situation it is contrary to equity and good conscience for the defendant to retain a benefit which has come to him at the expense of the plaintiff," Sckleicher v. Sckleicher, 120 Conn. 528,534 (1935), National CSS, Inc. v. Stamford, 195 Conn. 587,597 (1985), Burns v. Koellmer, 11 Conn. App. 375, 384
(1987), A C Corporation v. Pernaselci, 2 Conn. App. 264, 265
(1984), CBS Surgical Group, Inc. v. Holt, 37 Conn. Sup. 555,557 (1981).
The doctrine is equitable in nature and does not require proof even of wrongdoing on the defendant's part. As said inFranks v. Lockwood, 146 Conn. 273, 278 (1959):
 "It is not necessary, in order to create an obligation to make restitution or to compensate, that the party unjustly enriched should have been guilty of any tortious or fraudulent act. The question is: Did he, to the detriment of someone CT Page 5455 else, obtain something of value to which he was not entitled."
The facts and circumstances of a case must be examined to determine whether those circumstances render it just or unjust to apply the doctrine. To recover a plaintiff must show (1) that the defendant has benefited or received something of value (2) that the benefit was unjust, that is, was not paid for by the defendant to the detriment of the plaintiff,Providence Electric Co. v. Sutton Place, Inc., 161 Conn. 242,246 (1971), Garwood Sons Construction Co. v. CentosAssociates Limited Partnership, 8 Conn. App. 185, 187 (1986).
The problem here is that I do not believe the plaintiff has established that any benefit received by the defendant was unjustly received.
First there has been no evidence offered that the value of the defendant's property was increased by the improvements. Perhaps I can surmise that because of the expenses made for material and the actual renovations done but query does surmise meet the test of probable cause?
More to the point how was it "unjust" for the defendant to receive the benefit of the renovations. The defendant knew they were being done but they were not done at his behest and not required by any of the agreements he entered into with the plaintiff. The renovations were not induced by fraud. There was no evidence offered that the defendant prevented the plaintiff from being able to purchase the property for some ulterior motive. Despite the renovations, the property has still not been sold. That the plaintiff suffers a detriment and the defendant receives a benefit is not enough under the case law — what went on must be unjust. I cannot find the plaintiff has established probable cause for that position so the prejudgment remedy is denied.
Corradino, J.