[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#118)
This is a foreclosure action against the defendants, Kenneth, Keith, Barbara and Jane Mahler. The defendants have filed four special defenses which are the subject of this Motion to Strike. They are: a) the plaintiff has breached the covenant of good faith in dealing in the manner in which he has dealt with the defendants with respect to the loan; b) the plaintiff has breached the settlement agreement reached between the parties in early August 1994; c) the plaintiff's actions and inactions have resulted in a greater potential exposure to these defendants from an unreasonable delay in initiating foreclosure proceedings and also through its failure to abide by the settlement agreement between the parties; and d) the conduct of the plaintiff has been inequitable.
The plaintiff has filed this motion to strike, dated February 14, 1995, alleging that the special defenses are not cognizable in a foreclosure action, that the defendants have failed to sufficiently allege an implied obligation of good faith in dealing, that the allegations anticipating a deficiency is not a basis for a special defense, and that the defendants have failed to allege how the special defenses are a bar to the plaintiff's cause of action.
"A motion to strike challenges the legal sufficiency of a pleading." Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985). In ruling on a motion to strike the court is limited to the facts alleged in the [pleading]. The court must construe the facts in the [pleading] most favorably to the [nonmoving party]." (Citations omitted; internal quotation marks omitted.) Novametrix Medical Systems, Inc. v. BOC Group,Inc., 224 Conn. 210, 214-15, 618 A.2d 25 (1992). "The purpose and scope of a motion to strike are identical to those of a demurrer under the old rules of practice. . . ." (Citations omitted; internal quotation marks omitted.) Cavallo v. DerbySavings Bank, 188 Conn. 281, 283 449 A.2d 986 (1982).
"[A] motion to strike does not admit legal conclusions."Blancato v. Feldspar, 203 Conn. 34, 37, 522 A.2d 1235 (1987). "The allegations are entitled to the same favorable construction as a trier would be required to give in admitting evidence under CT Page 6831 them, and if facts provable under the allegations would support a defense or a cause of action, the demurrer [motion to strike] must fail." Ferryman v. Groton, 212 Conn. 138, 142,561 A.2d 432 (1989).
A motion to strike "must rely wholly upon the factual allegations of the pleading addressed and may not contain affirmative factual assertions which could only be proved by evidence. State v. Bashura, 37 Conn. Sup. 745, 748,436 A.2d 785 (App. Sess. 1981), citing Bedard v. Cunneen, 111 Conn. 338,341, 149 A. 890 (1930)). The motion "admits all well pleaded allegations and all facts provable thereunder." Doyle v. A. P. Realty Corporation, 36 Conn. Sup. 126, 127, 414 A.2d 204
(Super.Ct. 1980), citing Blanchard v. Nichols, 135 Conn. 391,392, 64 A.2d 878 (1949).
As to the defendants' first special defense, i.e. a breach of the covenant of good faith and fair dealing, it is the opinion of this court that this special defense may not be asserted in a foreclosure action. For a discussion of the underlying reasons, see Connecticut National Bank v. Olson,8 CSCR 900, July 29, 1993, (Pellegrino, J.).
The defendants' special defense that a settlement agreement reached between the parties is a defense and has been considered by our Appellate Court. See Hughes v. Contemporary Missions,Inc., 180 Conn. 150, 151, 429 A.2d 827 (1980). Whether there was an enforceable agreement is a question of fact, which the court considers admitted under this motion. Doyle v. A PRealty Corporation, supra. The court will deny the plaintiff's motion to strike the second special defense.
Similarly, our Appellate Court has upheld claims in foreclosure actions asserting that unreasonable delay in initiating foreclosure proceedings has resulted in greater potential exposure to the defendant. See Bay Bank Connecticut,N.A. v. Thulmert, 222 Conn. 784, 610 A.2d 658 (1992); Wells v.Carson, 140 Conn. 474, 101 A.2d 297 (1953); Lesser v. Lesser,134 Conn. 418, 58 A.2d 512 (1948); Arnold v. Hollister,131 Conn. 34, 37 A.2d 695 (1944). The court will deny the plaintiff's motion to strike the third special defense.
The defendant's fourth special defense states that the plaintiff's conduct has been inequitable. The Supreme Court has held that if, in fact, plaintiff's conduct was inequitable, the CT Page 6832 court could withhold foreclosure on equitable considerations.Citicorp Mortgage, Inc. v. Upton, 42 Conn. Sup. 302, 304,616 A.2d 1179, citing Lettieri v. American Savings Bank, 182 Conn. 1,12, 437 A.2d 822 (1980); Hamm v. Taylor, 180 Conn. 491,29 A.2d 946 (1988). The plaintiff's motion to strike the fourth special defense is denied.
The court finds no merit in the plaintiff's claim that the special defenses were not sufficiently pleaded in the Practice Book Section 164. The second, third and fourth special defenses raised by the defendants are, as the court indicated, recognized defenses and are sufficiently pleaded under the rules of the Practice Book.
The court will grant the plaintiff's motion to strike the first special defense and deny the plaintiff's motion to strike the second, third and fourth special defenses.
/s/ Pellegrino, J. PELLEGRINO