DAUKSCH, J.
Techni-Search appeals the entry of summary judgment disposing of its breach of contract claim against appellee Pathtech, and the trial court’s subsequent denial of its motion to amend and reinstate a previously dismissed count of fraudulent inducement. Finding no error, we affirm.
Techni-Search is a technical “head-hunting” firm engaged in the business of locating qualified employees for computer and software companies. In the action below, plaintiff Techni-Search alleged that it forwarded the resumes of two employment candidates to Pathtech after several phone conversations with a Pathtech manager. It went on to allege that Pathtech hired one candidate — Cheryl Taylor — without paying Techni-Search a commission, and sought recovery under breach of contract and fraudulent inducement theories. On Pathtech’s motion, the trial court dismissed the fraudulent inducement claim “with leave, to Plaintiff, to amend Count I, Fraudulent Inducement, of the Complaint within 20 days.” Rather than restate the claim, Techni-Search filed an amended complaint sounding only in contract and the action proceeded.
Several months later, the court granted Pathtech final summary judgment on the breach of contract count, concluding that Techni-Search was not the “procuring cause” of Cheryl Taylor’s employment with Pathtech. The court entered final summary judgment for Pathtech and denied Techni-Search’s motions for rehearing and for leave to amend and reinstate the fraud count. Techni-Search now appeals the denial of its motion to amend and reinstate the fraud claim, and the granting of summary judgment for Pathtech on the breach of contract claim. We first address the summary judgment issue.
The following factual account is taken in the light most favorable to Techni-Search as the party opposing summary judgment. Paula Major, Techni-Seareh’s owner/operator, phoned a Pathtech manager in an effort to find skilled employment candidates for another client. The manager, Joe Guthart, responded that he handled recruiting for Pathtech and was seeking ten qualified candidates to fill available technical positions. Major informed Gut-hart that Techni-Search’s minimum fee would be 25% of any referred candidate’s first year earnings, and that she would lower the fee to 20% if Pathtech allowed her to fill all ten available positions.
Several days later, Major forwarded Cheryl Taylor’s resume to Pathtech after receiving Taylor’s consent and confirming that Pathtech did not already have her resume on file. Guthart told Major that Taylor’s resume “looked good” and that he would contact Major to set up an interview. In a later conversation, though, Guthart told Major that he no longer handled recruiting and that she should contact another Pathtech supervisor, Steve Rausch. Rausch informed Major that he would be placing classified advertisements in his search for candidates, but that Path-tech would pay Techni-Search’s fee if they contacted any of the referred candidates. *1135 Techni-Search later learned that Pathtech had hired Taylor and filed suit after its written and oral demands for payment went unheeded.
Pathtech submitted Cheryl Taylor’s and Steve Rausch’s affidavits in support of the motion for summary judgment. Taylor maintained that “Pathtech interviewed me shortly after receiving my resume, which I had submitted to Pathtech because of the newspaper advertisement.” She went on to state that Techni-Search and Paula Major did not “assist[ ] me or participate[ ] in any way in the interview process or employment negotiations with Pathtech,” and that “Pathtech requested an interview only after I sent them a resume in response to the neiospaper advertisement.” Rausch’s affidavit mirrored Taylor’s (emphasis added).
Given these facts, we cannot conclude that the court erred in granting Pathtech summary judgment on the breach of contract count. Florida’s courts have apparently not addressed the issue of entitlement to commissions for services performed in the context of employment agencies. Other jurisdictions, though, employ a “procuring cause” test to determine contract liability in employment agency cases. The opinions which address facts analogous to those at bar lead us to conclude that Techni-Search was not the procuring cause of Taylor’s employment with Pathtech. In Management Recruiters of Marysville, Inc. v. Brown Group Recreational Products, Inc., 34 Ohio App.3d 72, 517 N.E.2d 240 (1986), the appellee/corpo-ration agreed to pay the appellanVemployment agency a commission if it hired any candidate referred by the agency for its “vinyl production manager” opening. The agency arranged for a phone interview with a Mr. Braeunig, but he was deemed “overqualified” and denied employment for that position. Two months later, the agency learned that Mr. Braeunig had been hired as the appellee’s new factory manager and unsuccessfully demanded payment for the referral. In subsequent litigation, the trial court entered summary judgment for defendant/appellee on the agency’s breach of contract claim. The appellate court affirmed, ruling that an employment agency “is not entitled to a fee on future employment unless it shows that it ‘procured’ the employment.” Id. at 243. The court noted that the agency’s only connection to Braeunig’s hiring “is that it prompted the initial phone interview for the vinyl production manager position,” and summarized its opinion as follows:
In order for an employment agency to recover a fee for its services, the agency must establish that it was the procuring cause of the actual employment of the particular employee involved, and merely because an agency has at some time brought an employer and employee together does not entitle the agency to a fee.
Id. at 240 (emphasis added); see also Nicastro Assoc., Inc., v. C.F. Wooding Co., 5 Conn.App. 244, 497 A.2d 1020 (1985)(agen-cy not the procuring cause where it forwarded a candidate’s resume and arranged for interview, but candidate was hired one year later after independently responding to newspaper ad).
In the case at bar, the undisputed facts show that Techni-Search and Pathtech communicated their respective needs and fee requirements. Techni-Search then forwarded Cheryl Taylor’s resume, which Pathtech employee Guthart acknowledged “looks good.” However, Techni-Search never arranged for an interview and Path-tech never contacted Taylor as a result of Techni-Search’s direct efforts. Pathtech’s management then told Techni-Search that Pathtech would be placing an advertisement to solicit candidates. According to Taylor, “Pathtech did not request to interview me after Paula Major sent Pathtech my resume, [but rather] requested an interview only after I sent them a resume in response to the newspaper advertisement.” Nothing in Techni-Search’s complaint or the affidavits submitted in opposition to Pathtech’s motion for summary judgment create a factual dispute as to why or how *1136 Taylor contacted Pathteeh. In fact, Teeh-ni-Search’s own amended complaint concedes that “Taylor responded to Pathteeh on or about May 23, 1995, in response to the May 21, 1995 advertisement placed by Pathteeh.”
The undisputed facts indicate that Taylor procured her own position by responding to Pathtech’s advertisement and arranging a successful interview, all without any help from Techni-Search. Techni-Search relies heavily on Rausch’s purported statement that he “would not contact the candidates [Major] provided and that if he did, Techni-Search would get a fee.” Assuming that this statement was contractually binding and not simply a gratuitous promise, Pathteeh would presumably owe Techni-Search its fee by contacting Taylor directly. However, the undisputed facts indicate that Taylor initiated the contact with Pathteeh without any prompting from either party. The order granting Pathteeh summary judgment on the breach of contract claim is affirmed.
As to the fraud claim and appellant’s request to amend its complaint, we also affirm the trial court. Appellant had been earlier granted leave to amend and failed or refused to do so. Even if permitted to amend, it is clear from the record that no amendment can get by the economic loss rule, even if a fraudulent inducement under the facts pleaded and proved so far could be expanded.
AFFIRMED.
COBB and GOSHORN, JJ., concur.