## ARTHUR PFAFF
vs.
## H. T. SMITH EXPRESS CO., ET AL.

Superior Court        New Haven County        File #45616

Present:   Hon. ALFRED C. BALDWIN, Judge.

W. T. Holleran,                    Attorney for the Plaintiff.

D. L. O'Neill,                     Attorney for the Defendant.

## MEMORANDUM FILED MAY 8, 1935.

BALDWIN, J. Plaintiff was injured about eleven-thirty A.M. Daylight Saving Time, July 31, 1934, while employed as an engineer, being second in charge of a highway construction job for the State Highway Department in the town of North Branford. The defendant, H. T. Smith Express Company, had a contract for the trucking of materials used in this construction, and the defendant Closson was an operator of the truck of the Smith Express Company which was employed upon this construction and which came in contact with plaintiff injuring him.

The accident occurred upon a part of the newly constructed bituminous macadam road, twenty and one-half feet wide, over which trucking was actively being carried on. The location of the accident was at or near a point described by the engineers as Station 78 which was approximately fifty feet westerly of the place where the trucks traveling easterly turned to the right leaving the newly constructed highway and entered upon the old road bed, and the trucks traveling westerly, conversely, turned left leaving the old road bed and entered upon the newly constructed part of the road.

The line of intersection of the old with the new road was not of sufficient length so that trucks moving in opposite directions could pass on this curve at this intersection.

The defendant Closson was operating one of the defendants Smith Company's trucks in an easterly direction loaded with crushed rock. This truck had a cab in which the operator rode and drove the truck. It had a running board which went from the front fende r back to the cab to accommodate entrance to and exit from the cab. It was equipped with a dump body and duplex rear wheels, the outer wheels projecting about six inches beyond the running board.

This truck, and trucks of similar type and description, were employed upon this work and had been for at least upwards of one month, and were familiar to both parties to this action.

The defendant's loaded truck was moving easterly. As it approached Station 78, the plaintiff proceeded out upon the newly constructed road near this station which was at the center of the road. It was the duty of the defendant Closson to deliver to plaintiff a paper containing some description of

his load and it was one of the duties of the plaintiff to receive such a paper from Closson. As Closson approached Station 78 and plaintiff approached this station, plaintiff being at the center of the road and Clossin being upon his right hand side of the road going easterly, Closson brought his truck to a stop to hand this paper to plaintiff. Plaintiff standing upon the surface of the road at the left side of the truck opposite to the cab in which Closson was sitting reached his hand up toward Closson and Closson reached his hand out toward plaintiff, passing the paper to plaintiff and plaintiff receiving it. Upon receiving this paper from Closson, plaintiff turned his back toward Closson and the truck Closson was driving.

Closson had stopped his truck and passed this paper to plaintiff just as a truck of one Varilla, another trucking contractor, was approaching from the east with an empty truck and coming into the curve at the intersection where these trucks could not pass because of the narrow and curving intersection.

It was the duty of plaintiff to pass a paper to the operator of the empty truck moving west and it was the duty of the operator of that truck to receive a paper from the plaintiff.

The operator of the Varilla truck, which was moving west, did not stop. The speed of this truck was slackened and plaintiff passed to that operator a paper.

As the Varilla truck had moved through the narrow and curved intersection onto the newly constructed road and plaintiff had turned his back toward Closson and the truck he was driving, Closson started forward his truck and the rear left wheel caught the inner side of plaintiff's right heel, plaintiff falling forward as the rear of the Varilla truck passed him, causing injury to the heel. X-rays were negative as to any fracture.

Plaintiff who was upon the ground between the trucks testified that he was six or eight inches from the Varilla truck and he thought he had room sufficient.

The evidence in support of the plaintiff's case was closed late on Friday when a motion for non-suit was made and argued. The situation as to the evidence and the law was taken under careful consideration over the week-end and

upon resuming proceeding with the case on Tuesday morning this motion was denied. Thereupon defendant rested and moved for a directed verdict.

The empty Varilla truck approaching and passing into and through the narrow curving intersection, at which time the defendant operator with his truck standing awaiting a clearance upon this curving intersection, the plaintiff standing alongside of and having turned his back toward the defendant operator and that truck, a clearance having been effected by the approaching truck having passed through and out of the curving intersection, the defendant moved his truck forward and plaintiff was injured. Upon this state of facts, after careful consideration, it appears to the Court that no reasoning mind could find the plaintiff entitled to recover damages from these defendants.

Plaintiff upon this motion strenuously urges freedom from contributory negligence and with equal vigor urges the last clear chance doctrine.

Further consideration of the facts upon this motion and the numerous authorities upon the questions involved leaves me with the opinion that defendant was entitled to a directed verdict.

The motion to set aside the directed verdict is therefore denied.