ZYGMUNT K. CIUCIAS *v.* VALLEY CAB COMPANY, INC.
(2728)

BORDEN, SPALLONE and DALY, Js.

Argued January 18—decision released April 2, 1985

*George Lawler*, with whom, on the brief, was *Donald P. Guerrini*, for the appellant (defendant).

*Edward S. Domnarski, Jr.*, for the appellee (plaintiff).

DALY, J. The plaintiff instituted this action to recover the balance due on a promissory note executed by the defendant. The defendant filed a counterclaim in conversion. From a judgment rendered in favor of the plaintiff on the complaint and on the counterclaim, the defendant has appealed.

While the defendant pleaded only a general denial, it felt that it was entitled to show that the outstanding amount was the individual obligation of its president and not that of the defendant.

Practice Book § 164 provides in part: "No facts may be proved under either a general or special denial except such as show that the plaintiff's statements of fact are untrue. Facts which are consistent with such statements but show, notwithstanding, that he has no cause of action, must be specially alleged. Thus . . . illegality not apparent on the face of the pleadings . . . must be specially pleaded."

"On appeal, it is the function of this court to determine whether the decision of the trial court is clearly erroneous. See Practice Book, 1978, § 3060D. This involves a two part function: where the legal conclusions of the court are challenged, we must determine whether they are legally and logically correct and whether they find support in the facts set out in the memorandum of decision; where the factual basis of the court's decision is challenged we must determine whether the facts set out in the memorandum of decision are supported by the evidence or whether, in light of the evidence and the pleadings in the whole record, those facts are clearly erroneous. That is the standard and scope of this court's judicial review of decisions of the trial court. Beyond that, we will not go." *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 221–22, 435 A.2d 24 (1980).

"Whether a corporate officer is authorized to act on behalf of a corporation is a question of fact to be resolved by the trier." *Czarnecki* v. *Plastics Liquidating Co.*, 179 Conn. 261, 268, 425 A.2d 1289 (1979). Whether the note was an individual or corporate obligation was a question of fact for the trial court. It is the province of the trial court to determine the credibility of witnesses. *McNamee* v. *Woodbury Congregation of Jehovah's Witnesses*, 194 Conn. 645, 648, 484 A.2d 940 (1984); Holden & Daly, Connecticut Evidence (Sup. 1983) § 125 (a), pp. 449–51.

A transcript of the evidence was never prepared, as it was not requested by either party. An appellant bears the burden to show that there was error in the judgment from which he appeals. "That burden includes the presentation of a full and proper record." *Hanson Development Co.* v. *East Great Plains Shopping Center, Inc.*, 195 Conn. 60, 64, 485 A.2d 1296 (1985); *Pointina Beach Assn., Inc.* v. *Stella*, 1 Conn. App. 341, 343, 471 A.2d 970 (1984). The defendant has not sustained this burden.

Even if we assume arguendo that the defendant was entitled to produce evidence of illegality under a general denial, any error would be rendered harmless by the trial court's statement in its memorandum of decision that illegality was not proven.

There is no error.

In this opinion the other judges concurred.