BERNARD SIPPIN *v.* HAROLD ELLAM ET AL.
(8767)

DALY, NORCOTT and CRETELLA, Js.

Submitted on briefs December 10, 1990—decision released April 2, 1991

*Joel Z. Green* filed a brief for the appellant (plaintiff).

*Richard J. Butural* filed a brief for the appellees (defendant Peter J. Longo et al.).

NORCOTT, J. The plaintiff appeals from a judgment of the trial court rendered in part in favor of the defendants in a landlord-tenant dispute. The plaintiff argues that the trial court improperly rendered judgment for the defendants because (1) no evidentiary basis existed for the court's finding that the lease was "illegal," and (2) the court's denial of the plaintiff's claims was clearly erroneous as a matter of law. We affirm the judgment of the trial court.

The trial court made the following findings of fact. On or about November 17, 1986, the defendants

entered into a written agreement to lease the plaintiff's property located on Main Street in Monroe. The lease stipulated that the premises be used exclusively for the defendants' real estate business.[1] Pursuant to the lease, the defendants took possession of the property and conducted their real estate business. In August of 1987, the defendants had a disagreement that resulted in Peter Longo's operating the business himself after the named defendant, Harold Ellam, terminated his relationship with the business and vacated the premises.

In October, 1987, the local zoning enforcement agency ordered Longo to remove a commercial real estate sign and to cease and desist the operation of his business because the premises were located in a residential zone. Longo then told the plaintiff about this order.

The trial court further found that a restrictive covenant in the plaintiff's deed prohibited any commercial use of the premises and that the plaintiff knew of this restrictive covenant prior to the execution of the lease. The plaintiff never informed the defendants of the restriction. Although he tried to assure Longo that the cease and desist order would not be enforced, a subsequent zoning notice caused Longo to wind up his business and to vacate the premises. No rent was paid for the month of December, 1987, and the premises were completely vacated in January, 1988.

The plaintiff subsequently sued the defendants[2] to recover the December rent or, in the alternative, the fair rental value of the premises for the month of

---

[1] The lease provided in pertinent part that the premises were to be occupied "only for offices for conducting any and all operations as they relate to a real estate operation."

[2] Although Ellam left the premises before the cease and desist order was issued, he was properly named as a defendant because his signature remained on the lease.

December. In addition, the plaintiff sought recovery for his cost of repairing the damage to the premises caused by the defendants. The court found for the defendants on the issues of rent and use and occupancy, but found for the plaintiff on his claim of waste and awarded nominal damages of one dollar.

I

The plaintiff first argues that there was insufficient evidence for the trial court to find that the lease was illegal. We disagree.

"In reviewing a claim of insufficiency of evidence, 'we review the factual findings below to ensure that they could have been legally, logically and reasonably found, thereby establishing that the trial court could reasonably conclude as it did.' *Ernst Steel Corporation* v. *Reliance Ins. Co.,* 13 Conn. App. 253, 258, 536 A.2d 969 (1988)." *In re Noel M.,* 23 Conn. App. 410, 418, 580 A.2d 996 (1990). It is not our function to retry the case or to gauge the credibility of witnesses. *In re Jason S.,* 9 Conn. App. 98, 109, 516 A.2d 1352 (1986). Our job is merely to examine "[i]f there is sufficient evidence in the record in support of the decision of the trial court . . . ." *Cashman* v. *Calvo,* 196 Conn. 509, 514, 493 A.2d 891 (1985).

There is absolutely no question here that the lease was being illegally maintained because of both the operative zoning laws and the restrictive covenant contained in the warranty deed. Both Longo and the plaintiff testified that the property was located in a residential zone. In addition, although the deed itself was not introduced into evidence, the plaintiff himself testified on direct examination as to the existence of the restrictive covenant.[3] Weighing this testimony with that of

---

[3] The plaintiff testified that "[t]here was a restricted covenant in a real estate transaction the way that house, that property was bought from Luck-

the other witnesses, the trial court found that the lease in question was illegal.[4] On review, we are not persuaded by the argument that the trial court lacked sufficient evidence to conclude that the operation of the lease by the defendants involved a purpose that violated both the zoning laws of the town of Monroe and the restrictive covenant, and was therefore illegal.

## II

The plaintiff next challenges the trial court's failure to allow him to recover rent or fair rental value under the lease. He argues that recovery for fair rental value is allowable under the theory of quantum meruit. That theory was rejected by the trial court. On appeal, the dispositive question regarding this claim is whether recovery for rent or fair rental value for use and occupancy is allowable under an illegal lease.

"The principle that the courts will not enforce the terms of a lease of premises to be used for an illegal purpose has most frequently been applied in actions by the lessor to recover rent, and a recovery in such actions is denied." 49 Am. Jur. 2d § 44, Landlord and Tenant. While the defense of illegality does not rescind

---

ters in 1940 that they indicated that they did not, in the covenant, nobody in that house could do business."

Again on cross-examination, the plaintiff answered in the following manner:

"Q. Mr. Sippin, you testified that there was a restrictive covenant that prohibited any business use on the property dating back I guess you said about 1940, is that correct?

"A. Correct.

"Q. And you were aware of that at the time you entered into the lease with Mr. Longo and Mr. Ellam, were you not?

"A. Correct."

[4] The trial court specifically found that "[t]here is no question but that the lease was illegal pursuant to the restrictive covenant against any commercial use. It is therefore clear that such an undertaking is illegal and voids the agreement. [The plaintiff] is therefore not entitled to recover rent under the lease."

the illegal agreement, it prevents a party from using the courts to enforce such an agreement. *Diamond Housing Corporation* v. *Robinson,* 257 A.2d 492, 495 (D.C. 1969). The trial court thus correctly concluded that the lease, which it found to be illegal because of the violative use of the premises, could not be enforced and that, therefore, there could be no recovery for rent under that lease.

The plaintiff also argues that he is entitled to recover the fair rental value for use and occupancy for the month of December under the theory of quantum meruit. We first note that the plaintiff has cited no authority whatsoever to support this theory of recovery which he claimed at trial and asserts anew on appeal. His claim rests on the argument that the trial court misapplied certain case law to the facts found in the case. The trial court concluded that quantum meruit provided no relief in this case, relying on the well established rule cited by our Supreme Court in *McKnight* v. *Gizze,* 119 Conn. 251, 256, 175 A. 676 (1934), that " '[w]hen the illegality, either in whole or in part, is in the thing which the party seeking to recover was to do, then there can be no recovery upon a quantum meruit.' " The trial court concluded that "[t]he thing to be done here and which was prohibited by the covenant, was the suffering of the premises in question to be used for commercial purposes." The suffering of the premises by the plaintiff for an unlawful use was a part of the illegality; another part was the actual use of the premises for the prohibited commercial purposes. In any event, the trial court's conclusion that there can be no recovery under quantum meruit when the illegality is the essence of the lease is not a misapplication of the law but is consistent with the aforementioned principle regarding the unenforceability of illegal agreements. Accordingly, the plaintiff cannot prevail on this claim.

The plaintiff finally suggests in his brief that, because General Statutes § 47a-3c provides for recovery of payments for use and occupancy, he is entitled to the same under the facts of this case. Section 47a-3c provides: "In the absence of agreement, the tenant shall pay the fair rental value for the use and occupancy of the dwelling unit." Although the plaintiff cites no authority in support of his argument, we must nevertheless determine whether the statute permits a landlord's recovery for fair rental value for the use and occupancy of premises that have been occupied under an illegal lease. We find that such recovery is not warranted.

Fair rental value in the form of use and occupancy is generally recoverable by the landlord when the tenant in possession of the premises is a tenant at sufferance. *Welk* v. *Bidwell,* 136 Conn. 603, 609, 73 A.2d 295 (1950). " 'A tenancy at sufferance arises when a person who came into possession of land rightfully continues in possession wrongfully after his right thereto has terminated.' *Welk* v. *Bidwell,* [supra,] 608–609." *Rivera* v. *Santiago,* 4 Conn. App. 608, 609–10, 495 A.2d 1122 (1985). "After a notice to quit has been served . . . a tenant at sufferance no longer has a duty to pay rent. He still, however, is obliged to pay a fair rental value in the form of use and occupancy for the dwelling unit. *Lonergan* v. *Connecticut Food Store, Inc.,* 168 Conn. 122, 131, 357 A.2d 910 (1975)." *Rivera* v. *Santiago,* supra, 610; see also *O'Brien Properties, Inc.* v. *Rodriguez,* 215 Conn. 367, 372, 576 A.2d 469 (1990).

None of these principles provides the plaintiff here with a basis for recovery of the reasonable value for use and occupancy because the defendants were never tenants at sufferance. The prerequisite of tenancy at sufferance that the tenant "rightfully" come into possession of the premises was never fulfilled here. The

record reveals that the defendants entered the lease ignorant of the restrictive covenant prohibiting a commercial use and the zoning restrictions requiring a permit for the same, while the plaintiff certainly knew of the former if not the latter. A lease agreement entered into in violation of the law creates no rights in the wrongdoer. *Brown* v. *Southall Realty Co.*, 237 A.2d 834 (D.C. 1968). The lease was unenforceable and illegal ab initio, and the defendants cannot be said to have rightfully come into possession of a wrongful lease. Because the defendants were not tenants at sufferance, the plaintiff cannot recover the fair rental value for use and occupancy.

This case does not present a situation contemplated by § 47a-3c, where recovery for use and occupancy is premised on an absence of a lease agreement or the termination of a valid lease agreement by a notice to quit. See *Bushnell Plaza Development Corporation* v. *Fazzano,* 38 Conn. Sup. 683, 460 A.2d 1311 (1983). Here, there is at issue an illegal lease from which, in essence, the plaintiff would have the courts allow him to recover moneys as a result of that illegal tenancy. This we will not do.[5]

The judgment is affirmed.

In this opinion the other judges concurred.

---

[5] The defendant has not challenged the trial court's award on the plaintiff's claim for damages allegedly caused by the defendants. Therefore, we will not address the court's ruling on that issue.