[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff in this action is the owner of the West Haven Post Center, a mixed use property. The plaintiff brings this action to recover rent allegedly due the plaintiff under a written, three-year lease with the defendant which began November 1, 1988. There is no dispute that the defendant vacated the CT Page 8456 leased premises during December, 1989, after being advised that the premises were not zoned to permit the operation of the defendant's business. The defendant denies liability for any rent due under the lease and has further filed a counterclaim, primarily for misrepresentation, alleging that the plaintiff or its agents erroneously represented that the premises could be used for the operation of the defendant's business.
The defendant is in the business of making telephone products, principally for the United States government. The lease between the plaintiff and the defendant stated that the premises were "to be used and occupied only for assembly of electronic equipment." After the defendant had been conducting its business at the premises for several months, the West Haven Zoning Enforcement Officer in July 1989, told the defendant that electronic assembly was not permitted in the C-5 zone, where the premises were located. The Zoning Enforcement Officer verbally ordered the defendant to cease and desist its operation at the premises within ten days.
Thereafter, several meetings were held between the Zoning Enforcement Officer and the plaintiff and defendant, but the order of the Zoning Enforcement Officer was not rescinded. The defendant sought and was granted additional time before it had to cease operations. It vacated the premises in December, 1989 after several extensions from the Zoning Enforcement Officer. Neither the plaintiff nor the defendant appealed the Zoning Enforcement Officer's decision to the Zoning Board of Appeals nor did either of the parties seek a change of zone.
Despite the zoning prohibition, the plaintiff seeks to recover rent due under the lease. The plaintiff asserts that the lease is not invalid or illegal and that the defendant, as tenant, was obligated to take further actions to attempt to reverse the order of the Zoning Enforcement Officer. The plaintiff claims that there is a presumption that the tenant knows of the zoning of the property and that the tenant assumes the risk of achieving compliance with zoning.
All of the plaintiff's precedent for these claims is from outside the state of Connecticut. A review of these authorities confirms the plaintiff's contentions and demonstrates that a number of states subscribe to these legal principles. The law in this state, however, is different, as set forth in Sippin v. Ellam,24 Conn. App. 385 (1991).
The defendant in Sippin operated a real estate business in premises leased from the plaintiff. The local Zoning Enforcement Officer issued a cease and desist order, initially because the premises were located in a residential zone. An earlier deed to CT Page 8457 the premises also restricted its use to residential purposes. The landlord sued to recover rent not paid for the month after the issuance of the cease and desist order and while the tenant was still in possession.
The Appellate Court upheld the trial court's ruling that the lease was illegal. "There is absolutely no question here that the lease was being illegally maintained because of both the operative zoning laws and the restrictive covenant contained in the deed." Id. at 388. The Court held that neither rent nor fair rental value could be recovered under an illegal lease because a party cannot use the courts to enforce an illegal agreement. The Court found the lease to be unenforceable and illegal ab initio.
Sippin v. Ellam is not distinguishable from the present case and is dispositive of plaintiff's claim. Although the lease in Sippin was found illegal as a result of both the restrictive covenant and the zoning laws, there is nothing in the decision or the authorities used in support of it to suggest that the result would have been any different if there were no restrictive covenant. The Court did not address the fact that the defendant apparently did not appeal the cease and desist order nor did the Court indulge in any presumption that the tenant should have known the zoning of the property. The emphatic language and tone of the Appellate Court's decision declaring the lease illegal and unenforceable ab initio appear to leave no room for such considerations. Judgment is entered for the defendant on the complaint because the lease between the parties is illegal and unenforceable.
In its counterclaim, the defendant alleges that the plaintiff or its agents "represented to the Defendant, its agents, servants or employees that said premises could be used for the assembly of electronic equipment." The defendant also alleges that the plaintiff failed to return the defendant's security deposit. With respect to the security deposit, the defendant claims in its post-trial brief that the president of the defendant corporation testified that the plaintiff did not return the defendant's security deposit of $2146.80. However, the court does not recall such testimony. Moreover, the court's trial notes do not show any testimony at all from any of the witnesses concerning the security deposit. In the absence of any evidence, this portion of the counterclaim cannot be found to have merit.
Although it is not clear from the counterclaim whether the defendant is alleging fraudulent misrepresentation or innocent misrepresentation, the plaintiff must prove in either case that there was a representation of fact which is false. Connecticut Law of Torts, 2d Ed. 135; Frimberger v. Anzellotti, 25 Conn. App. 401,410 (1991). Although defendant contends in its post-trial CT Page 8458 brief that plaintiff represented to the defendant orally and in writing that the premises were zoned for the defendant's use, the plaintiff fails to point with specificity to any written or verbal representations in the evidence. It is true that the lease prepared by the plaintiff states that the premises are to be used only for assembly of electronic equipment, but the defendant does not show where the plaintiff made any representation of fact in the lease or any other written document that the premises were in fact zoned for the defendant's business.
The plaintiff's real estate broker did tell the president of the defendant that the premises would be "ideal" for him, but that is not a representation of fact. The property listing prepared by the agent lists possible uses of the property, but "electronic assembly" is not one of the listed uses. It is true that the defendant made known its need for "industrial" space, but whether a use is commercial or industrial depends entirely on the definitions in the local zoning regulations. There was no showing that the plaintiff knew prior to the issuance of the cease and desist order that electronic assembly was not a permitted use of the premises. Rather, the evidence shows that both plaintiff and defendant reasonably inferred that there was no zoning problem. The Town of West Haven had issued a certificate of occupancy for the premises in November, 1988. Another portion of the Post Center was used for the assembly of car seats. Neither party anticipated a zoning problem.
Because there was no showing that the plaintiff or its agents made a representation of fact that the premises were zoned to permit electronic assembly, judgment is entered for the plaintiff on the counterclaim.
VERTEFEUILLE, J.