[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This summary process action is the third attempt by this plaintiff to dispossess the defendants. In this action, the plaintiff served a notice to quit setting forth "lapse of time", CT Page 3427 "nonpayment of rent", "never had the right or privilege" and "once had the right or privilege other than under a rental agreement and that right or privilege has terminated". The complaint on which the plaintiff went forward at trial alleged in three counts, respectively, lapse of time, no right or privilege and "right or privilege to continue to occupy the premises has terminated."[1]
As to the two counts that apply to the appearing defendant Barbara Williams, namely lapse of time and the termination of right or privilege, there are no disputed factual issues. The defendants were first served with a notice to quit on August 15, 1994. The subsequent action brought for nonpayment of rent was withdrawn on October 28, 1994, during the pendency of a Motion to Dismiss (Doc. No. 20815). A second notice to quit was served on October 27, 1994, and the subsequent action was dismissed upon motion on January 1, 1995 (Doc. No. 21178). The instant action was brought after a Notice to Quit served on January 26, 1995.
In the First Count, the plaintiff claims that upon service of the notice to quit in August 1994, a tenancy at sufferance was created, and that the tenancy has expired by lapse of time. This is not a valid ground under the law of summary process. It is true that a tenancy at sufferance is created upon service of a notice to quit. Rivera v. Santiago, 4 Conn. App. 608, 610 (1985). However, lapse of time cannot terminate a tenancy at sufferance. A tenancy at sufferance arises "when a person who came into possession of land rightfully continues in possession wrongfully after his right thereto has terminated." Sippin v. Elam, 24 Conn. App. 385,391 (1991) (citations omitted). In order for the plaintiff to use lapse of time, there must be a rental agreement in existence. C.G.S. § 47a-23(a)(1)[2]; Bermudez v. Rodriguez,2 CSCR 36, H-798 (1986).
In the Third Count, the plaintiff alleges that the right or privilege to occupy the premises has terminated. Even if the court construes this count to properly allege the statutory ground under § 47a-23(a)(3), "when one originally had the right or privilege to occupy such premises other than under a rentalagreement or lease, but such right or privilege has terminated", the plaintiff cannot prevail on this ground. It is true that the August 1994 notice to quit terminated the landlord-tenant relationship was based upon a rental agreement that originally existed between the parties. (See Doc. No. 20815). Hence, in light of the above highlighted language of C.G.S. § 47a-23(a)(3) CT Page 3428 which excludes those occupants who originally occupied under a rental agreement, the plaintiff cannot dispossess the defendant under the Third Count.[3]
Judgment for the defendant.
Alexandra Davis DiPentima, Judge