******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

AMY L. O'DONNELL *v.* GEORGE A. BOZZUTI
(AC 35094)

DiPentima, C. J., and Robinson and Mihalakos, Js.*

*Argued October 28, 2013—officially released February 11, 2014*

(Appeal from Superior Court, judicial district of
Danbury, Winslow, J. [dissolution judgment]; Hon.
Sidney Axelrod, judge trial referee [motion for
modification].)

*Thomas W. Beecher*, for the appellant (defendant).

*Amy L. O'Donnell*, self-represented, the appellee
(plaintiff).

*Opinion*

ROBINSON, J. The defendant, George A. Bozzuti, appeals from the judgment of the trial court modifying the child support order, alimony award and the allocation of unreimbursed necessary medical and dental expenses to be paid by the defendant to the plaintiff, Amy L. O'Donnell. The defendant claims that the court erred by (1) finding that there was a substantial change in circumstances warranting a change in the financial orders, and (2) failing to consider all of the factors in General Statutes § 46b-82 when constructing the defendant's new financial obligations. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of the defendant's appeal. On December 15, 2009, after nineteen years of marriage, the plaintiff brought an action seeking dissolution of the marriage due to an irretrievable breakdown of the marital relationship. The parties had three children, ages nineteen, seventeen, and twelve, at the time of the dissolution judgment. After three days of trial, the court, *Winslow, J.*, in its October 11, 2011 memorandum of decision, found that the plaintiff was employed as a real estate agent, and that, although the defendant previously had worked as a subcontractor consulting with failing banks, he had been unemployed since July, 2011, and remained unemployed at the time of trial. The court ordered the defendant to pay $156 per week in child support until July 7, 2012, when the parties' middle child would turn eighteen. Additionally, the court ordered the defendant to pay $110 per week in child support commencing July 8, 2012, until the parties' "youngest child attains the age of eighteen or graduates from high school, whichever shall occur later, provided that child support shall not continue beyond the age of nineteen." The court also ordered the defendant to pay alimony to the plaintiff in the amount of $100 per week, and ordered the plaintiff and the defendant each to pay one half of the unreimbursed necessary medical and dental expenditures for the minor children not covered by health insurance.

On June 13, 2012, the plaintiff moved for a modification of the child support and alimony payments. In her motion, the plaintiff claimed that there was a change in circumstances warranting new financial orders because the defendant had obtained gainful employment. After a hearing on the matter, the court, *Hon. Sidney Axelrod*, judge trial referee, increased the defendant's child support obligation to $277 per week, retroactive to June 13, 2012, increased the alimony award to $400 per week, and ordered the defendant to pay 65 percent of the unreimbursed medical and dental expenses for the children. The defendant filed a postjudgment motion to reargue on September 14, 2012, which the court denied on September 19, 2012. This appeal followed. Additional

facts will be set forth as necessary.

We first set forth our standard of review. "The standard of review in family matters is well settled. An appellate court will not disturb a trial court's orders in domestic relations cases unless the court has abused its discretion or it is found that it could not reasonably conclude as it did, based on the facts presented. . . . In determining whether a trial court has abused its broad discretion in domestic relations matters, we allow every reasonable presumption in favor of the correctness of its action. . . . Appellate review of a trial court's findings of fact is governed by the clearly erroneous standard of review. The trial court's findings are binding upon this court unless they are clearly erroneous in light of the evidence and the pleadings in the record as a whole. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) *Weinstein* v. *Weinstein*, 104 Conn. App. 482, 487–88, 934 A.2d 306 (2007), cert. denied, 285 Conn. 911, 943 A.2d 472 (2008).

I

The defendant claims that Judge Axelrod abused his discretion by finding that there was a substantial change in circumstances. He argues that, at the hearing on the motion for modification, he showed that his income actually had decreased from the amount of income used to calculate the original financial orders. The defendant contends that, although he was unemployed at the time of the dissolution trial, Judge Winslow constructed the original financial orders based on the defendant making a net income of $1554 per week because the defendant had included his previous salary as well as his unemployment benefits on his financial affidavit. The defendant, therefore, argues that the evidence actually showed that he had a decrease in income because his financial affidavit at the modification hearing averred that he made a net income of $1484 per week. Additionally, the defendant asserts that his company's contract with a bank in Oklahoma was only temporary, and that he was unsure of how long it would continue. Accordingly, the defendant argues that, in light of this evidence, the finding that there was a substantial change in circumstances is clearly erroneous, and, therefore, Judge Axelrod abused his discretion. We are not persuaded.

The following additional facts are necessary for our resolution of this claim. At the dissolution trial, although the defendant was unemployed, he provided a financial affidavit that included his salary from a company called Corvus as his principal means of income, claiming gross earnings in the amount of $1584 per week. In addition, the defendant claimed unemployment benefits of $585

per week. After deductions, the defendant listed his net weekly income as $1554.

Judge Winslow found that for approximately three years prior to trial, the defendant worked as a subcontractor consulting with failed banks in different parts of the country until the Federal Deposit Insurance Corporation changed the way bank assets were handled. Specifically, she found that: "From November, 2008, through April, 2009, the defendant was in Scottsdale Arizona. The next assignment was Fort Meyers, Florida from May, 2009, through February, 2010. From March 1, 2010, until February 17, 2011, the defendant was in Cleveland, Ohio. The work had long hours, but was well compensated. . . . The defendant had gross earnings of $197,000 in 2009, and $223,400 in 2010." Judge Winslow also found that, from April, 2011, to July, 2011, the defendant worked for Corvus earning $2075 per week until he became unemployed in July, 2011. She then found that the defendant was unemployed for approximately two months before the three day dissolution trial, and that he received $585 gross per week in unemployment compensation. Judge Winslow's memorandum of decision, however, does not specifically state what particular pieces of evidence that were presented at the trial were actually used to calculate the defendant's financial obligations.

Judge Winslow ordered the defendant to pay child support in the amount of $156 per week until July 7, 2012, and in the amount of $110 per week thereafter. She noted that the child support orders "[were] in accordance with the child support guidelines of the state of Connecticut." Judge Winslow also ordered the defendant to pay alimony to the plaintiff in the amount of $100 per week, and that the parties would split equally the unreimbursed necessary medical and dental expenses of the children.

In June, 2012, the plaintiff filed the motion for modification of the financial orders. The plaintiff stated that, because the defendant had obtained gainful employment, there was a substantial change in circumstances warranting a modification of the original financial orders. On August 27, 2012, Judge Axelrod held a hearing on this matter.

At the modification hearing, the defendant testified that in mid-March, 2012, his corporation, Greenwood Capital, LLC (Greenwood Capital), secured a contract consulting with a failing bank in Oklahoma. Appended to the defendant's financial statement was a monthly profit and loss statement for Greenwood Capital. The defendant testified that he calculated Greenwood Capital's gross monthly income by multiplying the weekly gross amount by four. Judge Axelrod found that this was an incorrect calculation because the weekly gross amount should have been multiplied by 4.33 in order to provide a more accurate monthly average.[1] He adjusted

Greenwood Capital's gross monthly income to account for the mathematical error, allowed the defendant all but one of his claimed business deductions, and found Greenwood Capital's net weekly income to be $2700.[2] Judge Axelrod then adjusted the defendant's gross weekly income to account for his adjustment of Greenwood Capital's gross weekly income. Therefore, although the defendant provided a financial affidavit averring that his gross weekly income from Greenwood Capital was $2415, Judge Axelrod found that the defendant's actual gross weekly income from Greenwood Capital was $2700. Additionally, Judge Axelrod found that the plaintiff's gross weekly income was $646. He then found that there had been a substantial change in circumstances, ordered an increase in the defendant's weekly alimony and child support obligations, and ordered the defendant to pay 65 percent of the unreimbursed necessary medical and dental expenses for the children.

The case before us concerns the postjudgment modification of both an alimony award and a child support order. Modification of alimony and child support is governed by General Statutes § 46b-86 (a), which provides in relevant part: "Unless and to the extent that the decree precludes modification . . . an order for alimony or support . . . may, at any time thereafter, be . . . altered or modified . . . upon a showing of a substantial change in the circumstances of either party . . . ."[3] See *Schade* v. *Schade*, 110 Conn. App. 57, 62, 954 A.2d 846, cert. denied, 289 Conn. 945, 959 A.2d 1009 (2008); *Weinstein* v. *Weinstein*, supra, 104 Conn. App. 491.

"We previously have explained the specific method by which a trial court should proceed with a motion brought pursuant to § 46b-86 (a). When presented with a motion for modification, a court must first determine whether there has been a substantial change in the financial circumstances of one or both of the parties. . . . Second, if the court finds a substantial change in circumstances, it may properly consider the motion and, on the basis of the . . . § 46b-82 criteria, make an order for modification. . . . The court has the authority to issue a modification only if it conforms the order to the distinct and definite changes in the circumstances of the parties. . . . Simply put, before the court may modify an alimony award [or child support order] pursuant to § 46b-86, it must make a threshold finding of a substantial change in circumstances with respect to one of the parties." (Citation omitted; emphasis omitted; internal quotation marks omitted.) *Schade* v. *Schade*, supra, 110 Conn. App. 63.

The party seeking the modification has the burden of proving a substantial change in circumstances. See *Simms* v. *Simms*, 283 Conn. 494, 502, 927 A.2d 894, (2007). "To obtain a modification, the moving party

must demonstrate that circumstances have changed since the last court order such that it would be unjust or inequitable to hold either party to it. Because the establishment of changed circumstances is a condition precedent to a party's relief, it is pertinent for the trial court to inquire as to what, if any, new circumstance warrants a modification of the existing order. In making such an inquiry, the trial court's discretion is essential." *Borkowski* v. *Borkowski*, 228 Conn. 729, 737–38, 638 A.2d 1060 (1994). "A conclusion that there has been a substantial change in financial circumstances justifying a modification of alimony based only on income is erroneous; rather, the present overall circumstances of the parties must be compared with the circumstances existing at the time of the original award to determine if there has been substantial change." (Internal quotation marks omitted.) *Gay* v. *Gay*, 70 Conn. App. 772, 781, 800 A.2d 1231 (2002), aff'd in part, 266 Conn. 641, 835 A.2d 1 (2003).

Judge Axelrod's decision is silent as to the exact basis for his finding that there was a substantial change in circumstances. Nevertheless, we necessarily must presume that he acted correctly and uphold the findings absent a showing by the appealing party that the finding is clearly erroneous. See *Weinstein* v. *Weinstein*, supra, 104 Conn. App. 487 ("[i]n determining whether a trial court has abused its broad discretion in domestic relations matters, we allow every reasonable presumption in favor of the correctness of its action" [internal quotation marks omitted]).

Although the defendant claims that Judge Winslow created the original financial orders using $1554 as the defendant's net weekly income, the record does not support this argument. Filed with the original dissolution judgment were two sets of completed child support guideline worksheets—one to determine the parties' support obligation for one child, and the second to determine the parties' support obligation for two children. Both worksheets listed the defendant's net income as $454 per week, supporting the conclusion that the original orders were calculated based solely on the defendant's unemployment benefit of $585. Additionally, these worksheets provide for child support orders of $110 and $156 per week, which were the original child support orders of Judge Winslow, and orders that she specifically found were "in accordance with the child support guidelines of the state of Connecticut."

Moreover, although the defendant argues that his financial statement at the modification hearing averred that he made a net income of $1484 per week, Judge Axelrod adjusted the defendant's gross income to account for the defendant's incorrect calculation of Greenwood Capital's gross monthly income. Accordingly, he found that the defendant's financial statement

was incorrect and that his income actually was more than he reported. It is, therefore, reasonable that Judge Axelrod found that the defendant's current financial situation had substantially changed compared to his financial situation at the time of the dissolution trial.

The defendant's argument that his employment is temporary and, therefore, should not have been considered by Judge Axelrod is defeated by his employment history as found by Judge Winslow. Judge Winslow found that, for approximately three years, the defendant was a subcontractor who consulted with failed banks in different cities across the country. It is, therefore, reasonable that Judge Axelrod concluded that the defendant's new contract was not a temporary situation, but a return to the defendant's previous occupation. Accordingly, in light of the testimony presented, the findings and the record before us, we cannot conclude that Judge Axelrod's finding that there was a substantial change in circumstances is clearly erroneous, and, therefore, we conclude that he did not abuse his discretion in modifying the financial orders.

II

The defendant also claims that Judge Axelrod abused his discretion by failing to consider all of the factors in § 46b-82 when constructing the defendant's new financial obligations. He argues that the court focused only on his increase in income, and failed to consider other factors, such as his ability to pay. We do not agree.

Section 46b-82 (a), as amended by No. 13-213, § 3, of the 2013 Public Acts, provides in relevant part: "In determining whether alimony shall be awarded, and the duration and amount of the award, the court shall consider . . . the length of the marriage, the causes for the . . . dissolution of the marriage . . . the age, health, station, occupation, amount and sources of income, earning capacity, vocational skills, education, employability, estate and needs of each of the parties . . . and, in the case of a parent to whom the custody of minor children has been awarded, the desirability and feasibility of such parent's securing employment."

Our Supreme Court has held that these statutory factors are relevant in deciding when and how an alimony award may be modified. See *Borkowski* v. *Borkowski*, supra, 228 Conn. 737 ("[o]nce a trial court determines that there has been a substantial change in the financial circumstances of one of the parties, the same criteria that determine an initial award of alimony . . . are relevant to the question of modification" [internal quotation marks omitted]). "While the trial court must consider each of these factors, no single factor is preferred over the others, and the court is accorded wide latitude in varying the weight placed upon each item under the peculiar circumstances of each case." *Elliott* v. *Elliott*, 14 Conn. App. 541, 547, 541 A.2d 905 (1988).

In its memorandum of decision on the motion for modification, the court did not provide specific findings as to its consideration of the § 46b-82 factors. The defendant did not ask for an articulation. Nonetheless, the court had before it not only the parties' amount and sources of income, but evidence of the parties' debt, assets, and occupations as provided by the parties' financial statements. Further, because the dissolution judgment was rendered less than one year before the judgment of modification, it was reasonable for the court to rely on the findings within, absent contradictory evidence presented by the parties. It is, therefore, reasonable that the court considered all of this information in constructing the new financial orders. Thus, on the basis of the record before us, and the presumption afforded the court as to the correctness of its actions; see *Weinstein* v. *Weinstein*, supra, 104 Conn. App. 487–88; we cannot conclude that the court abused its discretion in its construction of the defendant's financial obligations.

The judgment is affirmed.

In this opinion the other judges concurred.

* The listing of judges reflects their seniority status on this court as of the date of oral argument.

[1] Judge Axelrod specifically found: "Well, there's the problem, sir. I mean, you can do this one of two ways. The shortcut way is to multiply it times four point three. The long way is to [multiply] it out for the full calendar year and divide it."

Multiplying the weekly gross amount by 4.33 is the shorthand way for multiplying the weekly amount by fifty-two weeks per year and then dividing that number by twelve months.

[2] Judge Axelrod allowed the defendant all of his claimed business deductions except a $100 deduction listed as "medical expense." He found that this was not a proper business deduction.

[3] General Statutes § 46b-86 (a) also provides that a child support order may be modified if "the final order for child support substantially deviates from the child support guidelines established pursuant to section 46b-215a, unless there was a specific finding on the record that the application of the guidelines would be inequitable or inappropriate." This provision of the statute, however, is not at issue in this appeal.