******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

LISA HARLOW *v.* THOMAS STICKELS
(AC 35455)

Robinson, Sheldon and Bishop, Js.*

*Argued December 6, 2013—officially released June 24, 2014*

(Appeal from Superior Court, judicial district of New Britain, Pinkus, J.)

*Lisa Harlow*, self-represented, the appellant (plaintiff).

*Donald R. Holtman*, for the appellee (defendant).

*Opinion*

PER CURIAM. The plaintiff, Lisa Harlow, appeals from the trial court's judgment denying her motion to compel, motion for contempt, and motion for sanctions, and granting, in part, the postdissolution motion for modification filed by the defendant, Thomas Stickles. On appeal, the plaintiff claims that the court erred by (1) failing to allow the plaintiff to present evidence on her motion for contempt, motion to compel, and motion for sanctions, and (2) finding a substantial change in circumstances that supported a modification of the financial orders.[1] We affirm the court's judgment as to the plaintiff's motion to compel, motion for contempt and motion for sanctions, and reverse in part the defendant's motion for modification.

The following facts and procedural history are relevant to our resolution of this appeal. In March, 2011, the plaintiff brought an action seeking dissolution of the parties' marriage due to an irretrievable breakdown of the marital relationship. After five days of trial, the court, *Pinkus, J.*, issued a memorandum of decision on April 17, 2012, in which it rendered judgment dissolving the parties' marriage and ordering, inter alia, the defendant to pay $850 per week as alimony to the plaintiff for a period of ten years. Additionally, the court ordered the defendant to pay $440 per week as child support and maintain at least a $1 million life insurance policy naming the plaintiff as the irrevocable beneficiary for as long as he has an obligation to pay alimony or child support. Finally, the court ordered that the plaintiff would be entitled to earn $15,000 without the court considering it a substantial change in circumstances.

The following month, on May 30, 2012, the defendant filed a motion for modification (first motion for modification) requesting a change in the financial orders. He alleged that a substantial change in circumstances had occurred because he had become unemployed. After a hearing on September 10, 2012, the court, *Pinkus, J.*, found that the defendant had caused the termination of his employment and denied his motion for modification.

On November 20, 2012, the plaintiff filed a motion to compel and a motion for contempt, arguing, inter alia, that the defendant had failed to meet his financial obligations pursuant to the dissolution judgment. The court scheduled these motions for a hearing on January 14, 2013. Prior to the hearing on the plaintiff's motions, however, on January 7, 2013, the defendant filed a motion for modification (second motion for modification) seeking, inter alia, a decrease in the defendant's alimony and child support obligations and a reduction in his required life insurance coverage.[2] In his second motion for modification, the defendant argued that

there was now a substantial change in circumstances because he recently had obtained employment and was making less money than he had been at the time of the dissolution when the court entered the original orders. The plaintiff filed an objection to the defendant's second motion for modification, claiming, inter alia, that, like his unemployment, the decrease in the defendant's salary was due to the defendant's culpable conduct.

The court heard arguments on the second motion for modification on January 14, 2013, when the parties appeared in court for the plaintiff's motion to compel and motion for contempt, and, on January 15, 2013, the court ordered, inter alia, the defendant to pay child support in the amount of $382 per week, alimony in the amount of $525 per week, and that the defendant would be entitled to reduce his life insurance policy to $750,000 (financial orders). The plaintiff filed a motion to reargue that the court subsequently denied. This appeal followed.

Following oral argument before this court, this court sua sponte ordered the trial court to articulate the factual and legal bases for its order of January 15, 2013, granting in part the defendant's second motion for modification. This court ordered the trial court to particularly address the basis for the requisite finding of a substantial change in circumstances. The court articulated that it found that at the time of the divorce judgment, "the defendant was earning $145,000 per year plus a bonus, which was based upon performance and not guaranteed. At the hearing on January 14, 2013, the plaintiff's uncontested financial affidavit indicated that he was earning $120,000 per year. This $25,000 reduction in pay was the basis for the finding of a substantial change in circumstances."

"The standard of review in family matters is well settled. An appellate court will not disturb a trial court's orders in domestic relations cases unless the court has abused its discretion or it is found that it could not reasonably conclude as it did, based on the facts presented. . . . In determining whether a trial court has abused its broad discretion in domestic relations matters, we allow every reasonable presumption in favor of the correctness of its action. . . . Appellate review of a trial court's findings of fact is governed by the clearly erroneous standard of review. The trial court's findings are binding upon this court unless they are clearly erroneous in light of the evidence and the pleadings in the record as a whole. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) *Weinstein* v. *Weinstein*, 104 Conn. App. 482, 487–88, 934 A.2d 306 (2007), cert. denied, 285

Conn. 911, 943 A.2d 472 (2008).

## I

The plaintiff claims that the court erred by failing to allow her to present evidence on her motion for contempt, motion to compel, and motion for sanctions. Her claim is unavailing.

The following additional facts are necessary for our review of the plaintiff's claim. On January 10, 2013, prior to the January, 2013 hearing and subsequent to the defendant's filing of his second motion for modification, the plaintiff filed a motion for sanctions. At the January hearing, the court decided to hear all of the parties' motions at the same time.

The court heard argument and evidence on the defendant's motion for modification first, and then allowed the plaintiff to present her motion for contempt, motion to compel and motion for sanctions. Although the plaintiff argues that the court did not allow her to present evidence on her motions, she does not state what evidence she wanted or attempted to present, nor does she indicate any instances where she offered evidence and the court denied her the opportunity to present it. Additionally, the record reveals only two instances in which the plaintiff moved to present evidence to the court. The first time the plaintiff offered evidence, she offered a letter from her previous employer allegedly stating why she was no longer employed. The defendant's attorney objected based on hearsay, and the court sustained the objection and marked the letter for identification. The plaintiff eventually withdrew this exhibit. The plaintiff later offered her pay stubs as evidence. The defendant's attorney made no objection and they were entered as full exhibits.

An appellant bears the burden to show that there was error from which she appeals. See *Ciucias* v. *Valley Cab Co., Inc.*, 3 Conn. App. 468, 470, 489 A.2d 411 (1985). "It is also the responsibility of an appellant to secure an adequate record for our review." *Mihalyak* v. *Mihalyak*, 11 Conn. App. 610, 620, 529 A.2d 213 (1987). The plaintiff has failed to identify other specific instances where the court allegedly rejected any evidence presented by her or denied her the opportunity to be heard on her motions. In fact, the record reveals that the court repeatedly asked the plaintiff what she wanted it to do because it wanted to address her concerns.[3] On the basis of the record before us, we determine that the plaintiff had ample opportunity to have her motions heard and present supporting evidence for the court to consider, and that the plaintiff has failed to meet her burden of showing that the court abused its discretion. Accordingly, her claim fails.

## II

The plaintiff also claims that the court erred in granting the defendant's second motion for modification

because it erroneously found a substantial change in circumstances that warranted a modification of the financial orders. The plaintiff argues that the court's finding was erroneous because it failed to include the defendant's auto allowance in its calculation of the defendant's income. We agree.

At the January, 2013 hearing, the defendant filed a financial statement averring that his gross weekly income was $2307.69. Under section twelve, which is labeled "other," the defendant indicated that he received $133.85 per week from his employer "as partial reimbursement for expenses incurred." He did not, however, factor the additional $133.85 into his total weekly gross or net income.

Additionally, appended to his financial affidavit was the defendant's pay stub. Under the section marked, "earnings," it listed an auto allowance in the biweekly amount of $290.[4] The court originally made no specific findings as to the defendant's income; however, after this court ordered the trial court to articulate the factual and legal bases for its judgment on the defendant's motion for modification, the trial court articulated that it found that the defendant was earning $120,000 per year. The plaintiff argues that this finding is erroneous because the court failed to include the auto allowance listed on the defendant's paystub.

Modification of alimony and child support is governed by General Statutes § 46b-86 (a), which provides in relevant part: "Unless and to the extent that the decree precludes modification . . . an order for alimony or support . . . may, at any time thereafter, be . . . altered or modified . . . upon a showing of a substantial change in the circumstances of either party. . . ." General Statutes § 46b-86 (a); see *Schade* v. *Schade*, 110 Conn. App. 57, 62, 954 A.2d 846 (2008), cert. denied, 289 Conn. 945, 959 A.2d 1009 (2008); *Weinstein* v. *Weinstein*, supra, 104 Conn. App. 491.

"We previously have explained the specific method by which a trial court should proceed with a motion brought pursuant to § 46b-86 (a). When presented with a motion for modification, a court must first determine whether there has been a substantial change in the financial circumstances of one or both of the parties. . . . Second, if the court finds a substantial change in circumstances, it may properly consider the motion and, on the basis of the [General Statutes] § 46b-82 criteria, make an order for modification. . . . The court has the authority to issue a modification only if it conforms the order to the distinct and definite changes in the circumstances of the parties. . . . Simply put, before the court may modify an alimony award [or child support order] pursuant to § 46b-86, it must make a threshold finding of a substantial change in circumstances with respect to one of the parties. . . .

"The party seeking the modification has the burden of proving a substantial change in circumstances. . . . To obtain a modification, the moving party must demonstrate that circumstances have changed since the last court order such that it would be unjust or inequitable to hold either party to it. Because the establishment of changed circumstances is a condition precedent to a party's relief, it is pertinent for the trial court to inquire as to what, if any, new circumstance warrants a modification of the existing order. In making such an inquiry, the trial court's discretion is essential." (Internal quotation marks omitted.) *O'Donnell* v. *Bozzuti*, 148 Conn. App. 80, 87, 84 A.3d 479 (2014).

Section 46b-215a-1 (11) (A) (vi) of the Child Support and Arrearage Guidelines (2005) defines gross income for the purpose of calculating child support orders as including "employment perquisites and in-kind compensation (any basic maintenance or special need such as food, shelter or *transportation* provided on a recurrent basis in lieu of or in addition to salary or wages)." (Emphasis added.) Upon our review of the record, we conclude that the court considered only the defendant's base salary in its finding that he made $120,000 per year, as that is the total of the defendant's gross earnings of $2307.69 per week for fifty-two weeks. The court had before it evidence that the defendant received a biweekly auto allowance of $290, and this evidence was underscored by the defendant's affirmation stated in his financial affidavit. Further, the court made no finding as to why it had failed to include the defendant's auto allowance in its calculation of his income. Therefore, we must necessarily conclude that the court improperly applied the applicable law and that it was unreasonable for the court to find as it did. See *Simms* v. *Chaisson*, 277 Conn. 319, 325, 890 A.2d 548 (2006) (our review is limited to "whether the trial court correctly applied the law and reasonably could have reached the conclusion that it did" [internal quotation marks omitted]). Because this erroneous income determination was the court's basis for finding a substantial change in circumstances, and that amount is the basis for all of the court's new financial orders, the court's judgment modifying the financial orders must be reversed. Accordingly, we conclude that the court abused its discretion.

The judgment is reversed only as to the modification of the financial orders and the case is remanded with direction to deny the motion for modification with respect to the financial orders; the judgment is affirmed in all other respects.

* The listing of judges reflects their seniority status on this court as of the date of oral argument.

[1] The plaintiff also claims that the court erred by: (1) failing to dismiss the defendant's motion for modification pursuant to the doctrine of res judicata; (2) proceeding with the defendant's motion for modification when the plaintiff did not have sufficient time to obtain discovery from the defendant; (3) imputing the plaintiff with an unsubstantiated earning capacity; and (4) finding a change in circumstances when the original dissolution

judgment allowed her to make $15,000 in income without triggering the modification provision. All of these claims pertain to the court's decision regarding the defendant's motion for modification. Because we conclude that the court erred by not including the defendant's auto allowance in its calculation of the defendant's income, and, accordingly, reverse the court's judgment on that ground, we need not reach the merits these claims.

[2] The defendant also filed a motion to compel on January 7, 2013, when he filed his second motion for modification. The court's disposition on this motion, however, was not challenged by the plaintiff in this appeal.

[3] At one point, the court stated: "Tell me what you want be—because I want—I don't want you to leave here feeling as though you haven't been heard."

[4] The defendant's attorney represented at the beginning of the hearing that the defendant was paid every two weeks.

————————————————————