830 A.2d 536

**COMMONWEALTH of Pennsylvania, Appellee**

v.

**Charles BROWN, Appellant.**

Supreme Court of Pennsylvania.

Submitted June 14, 2002.

Decided Aug. 18, 2003.

Daniel Silverman, Philadelphia, for Charles Brown, Appellant.

Hugh J. Burns, Philadelphia, Amy Zapp, Harrisburg, for the Com., Appellee.

Before: CAPPY, C.J., and CASTILLE, NIGRO, NEWMAN, SAYLOR, EAKIN and LAMB, JJ.

■

*OPINION*

PER CURIAM.

This capital case, currently on review under the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541–9546 (the "PCRA"), was previously remanded to the PCRA court for a written opinion providing adequate reasons for dismissal without an evidentiary hearing, per Rule of Appellate Procedure 1925(a). *See* Pa.R.A.P.1925(a). Due to the retirement from the bench of the judge who presided over the post-conviction proceedings, the common pleas court (per another judge) was unable to comply, but instead, provided the following explanation:

> This Court has thoroughly reviewed the entire post conviction record, including all petitions and responses. Beyond quoting the Commonwealth's Motion to Dismiss, this Court cannot glean the reasons for [the prior judge's] dismissing an initial Post Conviction Relief Act Petition, in a death case, without an evidentiary hearing where the issues raised by present counsel do not appear frivolous.

> Moreover, this court is without jurisdiction to make any rulings as the case is presently on appeal. This court can only guess at why [the prior judge] did what he did again by examining the Commonwealth's Motion to Dismiss. This court's conjectured or speculative rationale for [the prior judge's] dismissal cannot and would not advance the cause of justice. To the contrary, to compel this Court to answer for another's inexplicable act, in a capital case where the trial judge and defense counsel's personal animus is apparent from the record, would be improper.[1]

> For these reasons, this Court cannot offer a statement of reasons but does urge the Court to use its plenary powers to review the dismissal.

(footnote in original). The court also noted that the file contains no notice of intention to dismiss as required by Pa.R.Crim.P. 909(B)(2).

1. Trial counsel was held in contempt and jailed after the verdict for conduct occurring during trial. Trial counsel ... has since died.

In capital, post-conviction appeals, this Court has recently emphasized the necessity of both an adequate written opinion of the PCRA court, *see Commonwealth v. Williams,* 557 Pa. 207, 224–25, 732 A.2d 1167, 1176 (1999); *see also id.* at 254–55, 732 A.2d at 1192–93 (Castille, J.), and appropriate and sufficient pre-dismissal notice where a post-conviction petition is dismissed, *see Commonwealth v. Williams,* 566 Pa. 553, 568–69, 782 A.2d 517, 526–27 (2001), as both are necessary to provide the essential predicate for appellate review of the post-conviction proceedings by this Court. *Id.* at 569, 782 A.2d at 527. Since both are absent here, dismissal of the post-conviction proceedings will not be sustained on the record presented.

The order of dismissal of the post-conviction court dated December 29, 1998, is vacated, the post-conviction petition and its amendments are reinstated, and the matter is remanded to the common pleas court for disposition in accordance with applicable rules and decisional law. Appellant's application to file a post-submission communication is dismissed as moot.