836 A.2d 1

**COMMONWEALTH of Pennsylvania, Appellee,**

**v.**

**Ralph BIRDSONG, Appellant.**

Supreme Court of Pennsylvania.

Submitted June 4, 2003.

Decided Nov. 19, 2003.

David Warren Wycoff, Ellen Berkowitz, Billy Horatio Nolas, Philadelphia, for Ralph Birdsong.

Hugh J. Burns, Philadelphia, Amy Zapp, Harrisburg, for Com.

Before CAPPY, C.J., and CASTILLE, NIGRO, NEWMAN, SAYLOR, EAKIN and LAMB, JJ.

## *ORDER*

PER CURIAM.

AND NOW, this 19th day of November, 2003, this matter is remanded to the Court of Common Pleas of Philadelphia County for the preparation of an opinion on the merits of the appeal.

This is a collateral appeal in a capital case pursuant to the Post Conviction Relief Act, 42 Pa.C.S. § 9541 *et seq.* The facts of the shooting rampage for which Ralph Birdsong was convicted are detailed in this Court's decision on his direct appeal, which affirmed the sentence of death. *Commonwealth v. Birdsong,* 538 Pa. 587, 650 A.2d 26, 28–30 (1994).

Birdsong filed a *pro se* PCRA petition alleging that he received ineffective assistance of counsel. After counsel was appointed and the petition was amended, the trial judge, Judge Juanita Kidd Stout, died in August of 1998. After an interim assignment, the case was reassigned to Judge John J. Poserina, who received evidence during nine days of PCRA hearing held in September 1999 and January of 2000. Judge Poserina dismissed Birdsong's petition by order on February 26, 2001, an order which defense counsel never received. The PCRA court again dismissed the petition on April 11, 2001. On April 12, 2001, Birdsong appealed the dismissals. The Commonwealth filed two motions to dismiss the appeals as untimely, both of which were denied by this Court on August 15, 2001 and December 7, 2001.

On April 26, 2002, this Court remanded the case to the PCRA court for the preparation of an opinion on the merits of the PCRA claims. No opinion has been filed; instead this Court received a letter from Judge Poserina's law clerk suggesting that the PCRA court's opinion, written in September, 2001 regarding the timeliness of Birdsong's appeal, should suffice. In that the PCRA court erred. A remand for an opinion addressing the merits means just what it says.

In capital, post-conviction appeals, this Court feels strongly about the necessity of an adequate written opinion of the

PCRA court. *Commonwealth v. Brown,* 574 Pa. 231, 232, 830 A.2d 536, 537 (2003). The failure of the PCRA court to comply with a direct Order of this Court is a serious matter, one that we cannot overlook or treat lightly. Therefore, we once again remand the case for the preparation of an opinion on the merits of the appeal.